1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10   ADAM RAY LOPEZ,                    )   Civil No. 09cv108 JM(RBB)
                                        )
11               Plaintiff,             )   **REPORT AND RECOMMENDATION**
                                        )   **GRANTING IN PART AND DENYING**
12   v.                                 )   **IN PART DEFENDANTS TORCHIA,**
                                        )   **SANTOYO, AND ROBERTSON'S**
13   P. SANTOYO, D.D.S, C.              )   **MOTIONS TO DISMISS [DOC. NOS.**
     ROBERTSON, C.D.O., and R.          )   **12, 16] AND DENYING**
14   TORCHIA, D.D.S.,                   )   **PLAINTIFF'S MOTION FOR DEFAULT**
                                        )   **CALLING FOR SANCTIONS [DOC.**
15               Defendants.            )   **NO. 28]**
     _____)

16

17        Plaintiff Adam Ray Lopez, a state prisoner proceeding pro se

18   and in forma pauperis, filed a Complaint on January 16, 2009,

19   pursuant to 42 U.S.C. § 1983 [doc. no. 1].  Plaintiff filed a First

20   Amended Complaint ("Complaint") on July 15, 2009 [doc. no. 7].[1]

21   Lopez asserts that Defendants P. Santoyo, D.D.S., C. Robertson,

22   Chief Dental Officer, and R. Torchia, D.D.S., violated his Eighth

23   Amendment rights by acting with deliberate indifference to his

24   dental needs.[2]  (Am. Compl. 4.)  On September 23, 2009, Defendant

25   _____

26        [1] Because Lopez's Amended Complaint is not consecutively
     paginated, the Court will use the page numbers assigned by the
27   electronic case filing system when citing this document.

28        [2] Although the Complaint names R. Torchia, Defendant corrects
     his name to Richard Torchia in the Motion to Dismiss.  (Am. Compl.
     1-2, 4; Def. Torchia's Mot. Dismiss 1.)

Torchia filed a Motion to Dismiss, a Memorandum of Points and Authorities, and a Declaration from David P. Burke with an exhibit [doc. no. 12]. Torchia argues that Lopez's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Def. Torchia's Mot. Dismiss Attach. #2 Mem. P. & A. 1.)

On December 2, 2009, Defendants Santoyo and Robertson filed a Motion to Dismiss along with a Memorandum of Points and Authorities [doc. no. 16]. Santoyo and Robertson assert that Plaintiff's Complaint should be dismissed because he failed to exhaust administrative remedies, the Complaint fails to state a claim, and they are entitled to Eleventh Amendment and qualified immunities. (Defs. Santoyo's & Robertson's Mot. Dismiss 8-16.) On February 4, 2010, Defendants Santoyo and Robertson filed a Notice of Errata re. Notice of Motion to Dismiss which included declarations from D. Bell and J. Walker as well as exhibits showing Plaintiff's grievance process [doc. no. 25].

The Court issued a <u>Klingele/Rand</u> Notice advising Lopez of Defendants Santoyo and Robertson's pending Motion to Dismiss for failure to exhaust administrative remedies and allowing him time to present any additional evidence demonstrating exhaustion [doc. no. 17].

On December 30, 2009, Plaintiff's Request for Extension of Time to File Opposition to Defendants Motion to Dismiss was filed [doc. no. 19]. This request did not specify if Lopez sought an extension of time to oppose both Motions to Dismiss, or merely Defendant Santoyo and Robertson's Motion. On January 27, 2010, the Court ordered Defendant Torchia to re-serve his Motion to Dismiss

2

and allowed Lopez an extension of time to respond to the doctor's Motion [doc. no. 23].

Plaintiff, on February 11, 2010, filed a Motion for Default Calling for Sanctions and alleged he did not receive a copy of Defendant Torchia's Motion to Dismiss [doc. no. 28].  Defendant Torchia filed an Opposition to Plaintiff's Motion the same day, explaining that his Motion to Dismiss was first served on September 23, 2009, and was again served on January 27, 2010  [doc. no. 29]. Because Defendant timely filed a Motion to Dismiss, and Plaintiff had already been provided with another copy of the Motion and additional time to file an opposition, the Court finds that the Motion for Default should be **DENIED**.

On March 3, 2010, Plaintiff's Request for Extension of Time to File Opposition to Torchia's Motion to Dismiss was filed [doc. no. 30].  The Court granted Plaintiff's request [doc. no. 31].  Next, Lopez filed two additional Motions seeking additional time to oppose both Defendant Torchia's Motion to Dismiss and Defendants Santoyo and Robertson's Motion to Dismiss [doc. nos. 33-34].  The Court granted this request [doc. no. 36].  Plaintiff timely filed his Opposition to Defendant Richard Torchia's Motion to Dismiss [doc. no. 39] and his Opposition to Defendants [Santoyo and Robertson's] Motion to Dismiss [doc. no. 40].

Torchia filed a Reply on May 6, 2010 [doc. no. 41], and Santoyo and Robertson filed their Reply on May 11, 2010, which the Court struck because it was late [doc. nos. 42-43].  Lopez submitted a Request for Leave of the Court to File Surreply to Defendant Torchia['s] Reply, which was granted [doc. nos. 45-46]. His Surreply was filed on June 4, 2010 [doc. no. 47].

09cv0108 JM (RBB)

# I. FACTUAL BACKGROUND

At the time Plaintiff filed the First Amended Complaint, he was incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California.  (Am. Compl. 4.)  The events giving rise to this suit occurred while he was housed at Calipatria State Prison. (Id.)

On July 26, 2006, Plaintiff submitted a Health Care Service Request form to prison officials at Calipatria requesting extraction of his wisdom teeth and complaining of extreme pain and discomfort.  (Id.; id. Attach. #1 Ex. A at 1.)  Defendant Santoyo, a dentist at Calipatria, saw Lopez on November 1, 2006, regarding his dental request.  (Am. Compl. 4.)  Dr. Santoyo examined Plaintiff and completed a Physician Request for Services form indicating that Lopez was in "urgent" need of oral surgery for two impacted molars, citing swelling, pain, and infection.  (Id.; id. Attach. #1 Ex. C at 1.)  The proposed service provider was Dr. Torchia.  (Id. Attach. #1 Ex. C at 1.)

Plaintiff alleges that Dr. Santoyo refused to provide him the necessary pain medication even though Lopez was suffering; his "tooth had become infected, swollen and cause[d] [P]laintiff with [sic] severe migraine headaches and earaches which significantly affected [P]laintiff['s] daily activities by preventing [P]laintiff from eating food, sleeping, and talking."  (Am. Compl. 4.)  Plaintiff faults Santoyo for failing to follow up on his recommendation for oral surgery, although he was aware that Plaintiff's need was "urgent."  (Id.)  Lopez also asserts that Dr. Santoyo had no justification for referring Plaintiff to an oral surgeon because Santoyo performs tooth extractions.  (Id. at 8.)

4

09cv0108 JM (RBB)

1   Chief Dental Officer Robertson approved the referral to an
2   oral surgeon on November 2, 2006  (Am. Compl. 5-6; <u>id.</u> Attach. #1
3   Ex. C at 1.)  Lopez contends that Defendant Robertson was "grossly
4   negligent in managing the people he was suppose to supervise."
5   (Am. Compl. 5.)  Plaintiff asserts that "had [D]efendant
6   [R]obertson been meticulous in his supervision duties, he would
7   have ensured that [P]laintiff received the proper pain medication
8   to relieve [P]laintiff['s] pain and suffering."  (<u>Id.</u>)

9   Lopez argues that on April 30, 2007, after ten months of
10  suffering, including the time he initially waited to be seen by Dr.
11  Santoyo, Lopez finally received oral surgery.  (<u>Id.</u> at 6-7.)
12  Plaintiff alleges that during the surgery Defendant Torchia chipped
13  one of his teeth and refused to fill it.  (<u>Id.</u> at 7.)  "Instead of
14  filling-in the chipped tooth, defednet [sic] [T]orchia created a
15  physicians order for a [C]alipatria dental sick call indicating a
16  fillin[g] was needed for [P]laintiff now."  (<u>Id.</u>)  As a result,
17  Lopez asserts his chipped tooth became infected causing him pain
18  and swelling, as well as migraines and earaches, that prevented him
19  from eating, sleeping, or talking.  (<u>Id.</u>)

20  Dr. Santoyo saw Plaintiff on May 15, 2007, for his "chipped
21  tooth, swelling of the lower jaw and his inability to eat solid
22  foods."  (<u>Id.</u>)  The doctor noted these and placed Plaintiff on a
23  liquid diet.  (<u>Id.</u>)  Dr. Santoyo filled Plaintiff's tooth on July
24  10, 2007. (<u>Id.</u>)  Plaintiff claims the interim delay caused him pain
25  and suffering and holds Dr. Torchia responsible for the pain he
26  experienced from April 30, 2007, when the surgeon chipped his tooth
27  to July 10, 2007, when Dr. Santoyo filled the chip.  (<u>Id.</u> at 8.)
28

**II. LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTIONS TO DISMISS**

**A.    Exhaustion**

Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") states:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C.A. § 1997e(a) (West 2010).  The exhaustion requirement applies regardless of the relief sought. Booth v. Churner, 532 U.S. 731, 741 (2001) (citation omitted).

"'[A]n action is "brought" for purposes of § 1997e(a) when the complaint is tendered to the district clerk[]' . . . ."  Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006) (quoting Ford v. Johnson, 362 F.3d 395, 400 (7th Cir. 2004)).  Therefore, prisoners must "exhaust administrative remedies before submitting any papers to the federal courts."  Id. at 1048 (emphasis added).

Section 1997e(a)'s exhaustion requirement creates an affirmative defense.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  "[D]efendants have the burden of raising and proving the absence of exhaustion."  Id. (footnote omitted).  Defendants in § 1983 actions properly raise the affirmative defense of failure to exhaust administrative remedies through an unenumerated motion to dismiss under Rule 12(b).  Id. (citations omitted).

Unlike motions to dismiss for failure to state a claim for which relief may be granted, "[i]n deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  Id. at 1119-20 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837

F.2d 365, 369 (9th Cir. 1988)) (footnote omitted).  Courts have discretion regarding the method they use to resolve these factual disputes.  Ritza, 837 F.2d at 369 (citations omitted).  "A court ruling on a motion to dismiss also may take judicial notice of 'matters of public record.'"  Hazleton v. Alameida, 358 F. Supp. 2d 926, 928 (C.D. Cal. 2005) (citing Lee v. City of Los Angeles, 250 F.3d at 688 (citations omitted)).  But "if the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust[,] . . . the court must assure that [the plaintiff] has fair notice of his opportunity to develop a record."  Wyatt, 315 F.3d at 1120 n.14.

"[When] the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."  Id. at 1120 (citing Ritza, 837 F.2d at 368 n.3).

**B.    The Administrative Grievance Process**

"The California Department of Corrections [CDC] provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment:  an informal level, a first formal level, a second formal level, and the Director's level."  Vaden, 449 F.3d at 1048-49 (citing Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005)).  The administrative appeal system can be found in title 15, sections 3084.1, 3084.5, and 3084.6 of the California Code of Regulations.  See Brown, 422 F.3d at 929-30 (citing Cal. Code Regs. tit. 15, §§ 3084.1(a), 3084.5(a)-(b), (e)(1)-(2), 3084.6 (c) (2010).

To comply with the CDC's administrative grievance procedure, an inmate must file his grievance at the informal level "within 15

7

1  working days of the event or decision being appealed . . . ."  Cal.
2  Code Regs. tit. 15, § 3084.6 (c); see also Brown, 422 F.3d at 929.
3  An appeal may be rejected when it "concerns an anticipated action
4  or decision."  Cal. Code Regs. tit. 15, § 3084.3(c)(3).  An inmate
5  must proceed through all levels of the administrative grievance
6  process before initiating a § 1983 suit in federal court.  See
7  Vaden, 449 F.3d at 1051.

8      A prisoner's grievances must be "sufficient under the
9  circumstances to put the prison on notice of the potential claims
10  and to fulfill the basic purposes of the exhaustion requirement."
11  Irvin v. Zamora, 161 F. Supp. 2d 1125, 1135 (S.D. Cal. 2001).
12  Exhaustion serves several important goals, including "allowing a
13  prison to address complaints about the program it administers
14  before being subjected to suit, reducing litigation to the extent
15  complaints are satisfactorily resolved, and improving litigation
16  that does occur by leading to the preparation of a useful record."
17  Jones v. Bock, 549 U.S. 199, 219 (2007) (citing Woodford v. Ngo,
18  548 U.S. 81, 88-91 (2006); Porter v. Nussle, 534 U.S. 516, 524-25
19  (2002)).

20      **1.  Defendants Santoyo and Robertson**
21      Defendants Santoyo and Robertson move to dismiss Lopez's
22  Eighth Amendment claim against them for inadequate dental care
23  because Plaintiff failed to properly exhausted his administrative
24  remedies.  (Defs. Santoyo & Robertson's Mot. Dismiss Mem. P. & A.
25  9-10); see also Fed. R. Civ. P. 12(b).

26      Plaintiff filed a 602 grievance on January 1, 2007, which was
27  received by prison administration on January 4, 2007. (Am. Compl.
28  4; Errata re Defs. Santoyo & Robertson's Mot. Dismiss Attach. #1

Decl. D. Bell Ex. B at 1.)   In the grievance, Lopez states he had "been patiently waiting since July 2006" to have his wisdom teeth extracted and requested to be sent to an outside hospital to have them removed.   (Errata re Defs. Santoyo & Robertson's Mot. Dismiss Attach. #1 Decl. Bell Ex. B at 1.)   On February 20, 2007, Lopez received a reply informing him that he was on the oral surgery list to be seen by an outside provider.   (Id.)   Dissatisfied with the response, Plaintiff filed a first formal level appeal on February 22, 2007, seeking priority status to receive his surgery.   (Id.; Am. Compl. 5.)   On April 23, 2007, Lopez received a first level review decision which granted his request and set his surgery date for April 30, 2007.   (Errata re Defs. Santoyo & Robertson's Mot. Dismiss Attach. #1 Decl. Bell Ex. B at 2-3.)

Defendants contend that Plaintiff did not proceed to the second or Director's level of appeals.   (Id. at 1-3; Defs. Santoyo & Robertson's Mot. Dismiss Mem. P. & A. 9-10.)   They argue that Lopez failed to fully pursue his appeal which renders his administrative remedies unexhausted.   (Id. (citing Cal. Code Regs. Tit. 15, § 3084.6 (c)).)

Although Plaintiff properly submitted his informal and first formal grievances, he admits that he did not proceed beyond the first level and pursue the next two steps of the review process. (Opp'n Defs. Santoyo & Robertson's Mot. Dismiss 8); see also Woodford, 548 U.S. at 90.   Lopez explains that "the defendants are correct, plaintiff did not proceed with his dental 602 to the second level for the fact plaintiff received all his 'action requested,' 'relief,' on April 30, 2007, after he received the 'urgent' oral surgery." (Opp'n Defs. Santoyo & Robertson's Mot.

Dismiss 8.)  He argues that because he received the surgery that he requested, he had no other administrative remedies to exhaust. (Id. at 9.)  If he had continued pursuing his grievance, it would have been denied as moot.  (Id.)  "[R]equiring entirely pointless exhaustion, when no possible relief is available, is more likely to inflame than to 'mollify passions.'" (Id. (citing Booth v. Churner, 532 U.S. 737; Dixon v. Page, 291 F.3d 485, 490-91 (7th Cir. 2002).)

"[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available."  Brown v. Valoff, 422 F.3d at 935 (agreeing with the Second, Seventh, and Tenth circuits that exhaustion is not required when there is no pertinent relief that can be obtained through the internal grievance process); see also Abney v. McGinnis, 380 F.3d 663, 669 (2d Cir. 2004); Ross v. County of Bernalillo, 365 F.3d 1181, 1187 (10th Cir. 2004); Dixon v. Page, 291 F.3d at 490-91.

Defendants fail to acknowledge or discuss Brown v. Valoff, 422 F.3d at 935, and its progeny.  See also Hicks v. Evans, 357 F. App'x 102, 102-03 (9th Cir. 2009); Wilson v. Mata, 348 F. App'x 237, 238 (9th Cir. 2009); O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1062 (9th Cir. 2007).  Their exhaustion argument is, at best, disingenuous.  See Smith v. Scripto-Tokai, 170 F. Supp. 2d 533, 538-40 (W.D. Pa. 2001) (discussing attorney's duty to disclose adverse legal authority).

Because Plaintiff received the relief he requested in response to his first level appeal, he did not need to pursue the appeal any further to exhaust his claim.  See Brown, 422 F.3d at 935 n.10

10

1  (stating that "over-exhaustion" to the highest level "may be wise,"

2  but finding continued appeal was not required).  Lopez's Eighth

3  Amendment claim against Defendant Santoyo and Robertson was fully

4  exhausted; therefore, the Motion to Dismiss on this ground should

5  be **DENIED.**

6     **2. Defendant Torchia**

7     In his Reply, Dr. Torchia argues that Lopez's claim against

8  him should be dismissed for failure to exhaust administrative

9  remedies.  (Reply 6-7.)  Torchia explains that Plaintiff "makes no

10 mention [in his Complaint and the attached records] of any other

11 formal or informal level of appeal [other than the appeal regarding

12 scheduling of his oral surgery] and the Declarations of Bell and

13 Walker establish Plaintiff did not exhaust administrative remedies

14 prior to initiating the instant action."  (Id. at 7.)

15    Plaintiff argues in his Surreply that Dr. Torchia waived his

16 affirmative defense of non-exhaustion because he failed to raise it

17 in his Motion to Dismiss.  (Surreply 7.)  Lopez explains that he

18 "has not had the opportunity to oppose this now surprise defense."

19 (Id.)

20    "The district court need not consider arguments raised for the

21 first time in a reply brief."  Zamani v. Carnes, 491 F.3d 990, 997

22 (9th Cir. 2007) (citing Koerner v. Grigas, 328 F.3d 1039, 1048 (9th

23 Cir. 2003)); see also Bach v. Forever Living Prods. U.S., Inc., 473

24 F. Supp. 2d 1110, 1122 n.6 (W.D. Wash. 2007) ("It is well

25 established in this circuit that courts will not consider new

26 arguments raised for the first time in a reply brief."); United

27 States v. Boyce, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001) ("[I]t

28 is improper for a party to raise a new argument in a reply

1    brief."); <u>United States v. Boggi</u>, 74 F.3d 470, 478 (3d Cir. 1996)

2    (noting the court's general practice not to consider arguments

3    raised for first time in a reply brief because it deprives the

4    opposing party of an adequate opportunity to respond).

5    Additionally, a court must give a prisoner fair notice and an

6    opportunity to develop the record in response to an administrative

7    exhaustion defense.  <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14; <u>see</u>

8    <u>also</u> <u>Marella v. Terhune</u>, 568 F.3d 1024, 1027-28 (9th Cir. 2009).

9         Here, Dr. Torchia filed his Motion to Dismiss on September 23,

10   2009 [doc. no. 12].  The Motion did not argue that Lopez failed to

11   exhaust administrative remedies.  On December 2, 2009, Defendants

12   Santoyo and Robertson filed their Motion to Dismiss and asserted,

13   among other things, that Plaintiff failed to exhaust [doc. no. 16].

14   In response to these arguments, the Court issued a <u>Klingele/Rand</u>

15   Notice on December 9, 2009 [doc. no. 17].  At no time before filing

16   his May 6, 2010 Reply did Defendant Torchia argue that Lopez failed

17   to exhaust his claims against Torchia.  This Defendant did not join

18   Santoyo and Robertson's Motion to Dismiss or, prior to May 6, 2010,

19   argue exhaustion.  Nor has Torchia shown good cause for not raising

20   exhaustion at the time he filed his Motion to Dismiss or during the

21   eight months preceding his Reply.  Because Defendant Torchia raises

22   the failure to exhaust argument in his Reply, Lopez has not

23   received fair notice and it would be improper to consider the

24   doctor's new argument.  <u>See</u> <u>Marella</u>, 568 F.3d at 1027-28; <u>Wyatt</u>,

25   315 F.3d at 1120 n.14.  Thus, the Court will not consider Defendant

26   Torchia's exhaustion argument raised for the first time in his

27   Reply.

28   //

12

1    **C.    Rule 12(b)(6) Motions to Dismiss**

2         A motion to dismiss for failure to state a claim pursuant to

3    Federal Rule of Civil Procedure 12(b)(6) tests the legal

4    sufficiency of the claims in the complaint.  See Davis v. Monroe

5    County Bd. of Educ., 526 U.S. 629, 633 (1999).  "The old formula --

6    that the complaint must not be dismissed unless it is beyond doubt

7    without merit -- was discarded by the Bell Atlantic decision [Bell

8    Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007)]."  Limestone

9    Dev. Corp. v. Vill. of Lemont, 520 F.3d 797, 803 (7th Cir. 2008).

10        A complaint must be dismissed if it does not contain "enough

11   facts to state a claim to relief that is plausible on its face."

12   Bell Atl. Corp., 550 U.S. at 570.  "A claim has facial plausibility

13   when the plaintiff pleads factual content that allows the court to

14   draw the reasonable inference that the defendant is liable for the

15   misconduct alleged."  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct.

16   1937, 1949 (2009).  The court must accept as true all material

17   allegations in the complaint, as well as reasonable inferences to

18   be drawn from them, and must construe the complaint in the light

19   most favorable to the plaintiff.  Cholla Ready Mix, Inc. v. Civish,

20   382 F.3d 969, 973 (9th Cir. 2004) (citing Karam v. City of Burbank,

21   352 F.3d 1188, 1192 (9th Cir. 2003)); Parks Sch. of Bus., Inc. v.

22   Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); N.L. Indus., Inc. v.

23   Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

24        The court does not look at whether the plaintiff will

25   "ultimately prevail but whether the claimant is entitled to offer

26   evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232,

27   236 (1974); see Bell Atl. Corp. v. Twombly, 550 U.S. at 563 n.8.  A

28   dismissal under Rule 12(b)(6) is generally proper only where there

1  "is no cognizable legal theory or an absence of sufficient facts

2  alleged to support a cognizable legal theory." <u>Navarro v. Block</u>,

3  250 F.3d 729, 732 (9th Cir. 2001) (citing <u>Balistreri v. Pacifica</u>

4  <u>Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988)).

5      The court need not accept conclusory allegations in the

6  complaint as true; rather, it must "examine whether [they] follow

7  from the description of facts as alleged by the plaintiff." <u>Holden</u>

8  <u>v. Hagopian</u>, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation

9  omitted); <u>see</u> <u>Halkin v. VeriFone, Inc.</u>, 11 F.3d 865, 868 (9th Cir.

10  1993); <u>see also</u> <u>Cholla Ready Mix</u>, 382 F.3d at 973 (citing <u>Clegg v.</u>

11  <u>Cult Awareness Network</u>, 18 F.3d 752, 754-55 (9th Cir. 1994))

12  (stating that on Rule 12(b)(6) motion, a court "is not required to

13  accept legal conclusions cast in the form of factual allegations if

14  those conclusions cannot reasonably be drawn from the facts

15  alleged[]").  "Nor is the court required to accept as true

16  allegations that are merely conclusory, unwarranted deductions of

17  fact, or unreasonable inferences." <u>Sprewell v. Golden State</u>

18  <u>Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

19      In addition, when resolving a motion to dismiss for failure to

20  state a claim, courts may not generally consider materials outside

21  the pleadings. <u>Schneider v. Cal. Dep't of Corrs.</u>, 151 F.3d 1194,

22  1197 n.1 (9th Cir. 1998); <u>Jacobellis v. State Farm Fire & Cas. Co.</u>,

23  120 F.3d 171, 172 (9th Cir. 1997); <u>Allarcom Pay Television Ltd. v.</u>

24  <u>Gen. Instrument Corp.</u>, 69 F.3d 381, 385 (9th Cir. 1995).  "The

25  focus of any Rule 12(b)(6) dismissal . . . is the complaint."

26  <u>Schneider</u>, 151 F.3d at 1197 n.1.  This precludes consideration of

27  "new" allegations that may be raised in a plaintiff's opposition to

28

09cv0108 JM (RBB)

a motion to dismiss brought pursuant to Rule 12(b)(6).  Id. (citing

Harrell v. United States, 13 F.3d 232, 236 (7th Cir. 1993).

"When a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal [i]s proper . . . ." Parks Sch. of Bus., 51 F.3d at 1484 (citing Cooper v. Bell, 628 F.2d 1208, 1210 n.2 (9th Cir. 1980)). "[If] the allegations of the complaint are refuted by an attached document, the [c]ourt need not accept the allegations as being true." Roth v. Garcia Marquez, 942 F.2d 617, 625 n.1 (9th Cir. 1991) (citing Ott v. Home Savings & Loan Ass'n, 265 F.2d 643, 646 n.1 (9th Cir. 1958).)  Similarly, the court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading . . . ." Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002); Stone v. Writer's Guild of Am. W., Inc., 101 F.3d 1312, 1313-14 (9th Cir. 1996).

These Rule 12 (b)(6) guidelines apply to Defendants' Motions to Dismiss.

**D.  Standards Applicable to Pro Se Litigants**

Where a plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, courts may not "supply essential elements of claims that

were not initially pled." <u>Ivey v. Bd. of Regents of the Univ. of</u>
<u>Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and conclusory
allegations of official participation in civil rights violations
are not sufficient to withstand a motion to dismiss." <u>Id.</u>; <u>see</u>
<u>also</u> <u>Jones v. Cmty. Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir.
1984) (finding conclusory allegations unsupported by facts
insufficient to state a claim under § 1983).  "The plaintiff must
allege with at least some degree of particularity overt acts which
defendants engaged in that support the plaintiff's claim." <u>Jones</u>,
733 F.2d at 649 (internal quotation omitted).

Nevertheless, the court must give a pro se litigant leave to
amend his complaint "unless it determines that the pleading could
not possibly be cured by the allegation of other facts." <u>Lopez v.</u>
<u>Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation
omitted) (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1447 (9th Cir.
1987)).  Before a pro se civil rights complaint may be dismissed,
the court must provide the plaintiff with a statement of the
complaint's deficiencies.  <u>Karim-Panahi</u>, 839 F.2d at 623-24.  But
where amendment of a pro se litigant's complaint would be futile,
denial of leave to amend is appropriate.  <u>See</u> <u>James v. Giles</u>, 221
F.3d 1074, 1077 (9th Cir. 2000).

**E.**   **<u>Stating a Claim Under 42 U.S.C. § 1983</u>**

To state a claim under § 1983, the plaintiff must allege facts
sufficient to show (1) a person acting "under color of state law"
committed the conduct at issue, and (2) the conduct deprived the
plaintiff of some right, privilege, or immunity protected by the
Constitution or laws of the United States.  42 U.S.C.A. § 1983

16

1  (West 2003); <u>Shah v. County of Los Angeles</u>, 797 F.2d 743, 746 (9th
2  Cir. 1986).

3                    **III. DEFENDANTS' MOTIONS TO DISMISS**

4  **A.    Plaintiff Fails to State a Claim**

5       Defendants Torchia, Santoyo, and Robertson move to dismiss the
6  Amended Complaint under Federal Rule of Civil Procedure 12(b)(6)
7  because Plaintiff's allegations fail to state a claim upon which
8  relief can be granted.  (Def. Torchia's Mot. Dismiss Attach. #2
9  Mem. P. & A. 3; Defs. Santoyo & Robertson's Mot. Dismiss Mem. P. &
10 A. 6-8.)  The Court may grant a motion to dismiss for failure to
11 state a claim if the complaint does not contain enough facts to
12 state a claim that is "plausible on its face."  <u>Bell Atl. Corp.</u>,
13 550 U.S. at 570.  "[F]acial plausibility [is] when the plaintiff
14 pleads factual content that allows the court to draw the reasonable
15 inference that the defendant is liable for the misconduct alleged."
16 <u>Ashcroft v. Iqbal</u>, __ U.S. at __, 129 S.Ct. at 1949.

17      **1.    Defendant Torchia**

18      Defendant Torchia seeks to dismiss Plaintiff's claim against
19 him because Lopez's Complaint fails to assert an Eighth Amendment
20 violation amounting to deliberate indifference to serious dental
21 needs.  (Def. Torchia's Mot. Dismiss Attach. #2 Mem. P. & A. 3-7;
22 <u>see also</u> (Reply 2-6.)  Dr. Torchia's only contact with Lopez was on
23 April 30, 2007, when the Plaintiff was transported to Defendant's
24 office for the removal of two of Plaintiff's wisdom teeth.  (Am.
25 Compl. 6-7.)  Lopez had been referred to this outside provider by
26 Dr. Santoyo.  (<u>Id.</u> Attach. #1 Ex. C at 6.)  Plaintiff contends that
27 during the wisdom teeth extraction, Dr. Torchia chipped one of
28 Lopez's teeth and refused to fill it.  (<u>Id.</u> at 7.)  Lopez alleges

                                  17

that Dr. Torchia's failure to fill the tooth immediately was deliberate indifference to Plaintiff's dental needs which "caused (and agrivated [sic]) an unnecessary and wanton infliction of pain and suffering . . . ." (Id.)  Lopez attributes his post-surgery swollen jaw, infection, migraine headaches, and earaches to the chipped tooth.  (Id.)

The Eight Amendment requires that inmates have "ready access to adequate dental care."  Hoptowit, 682 F.2d at 1253.  Two elements comprise an Eighth Amendment claim for deliberate indifference to serious medical needs.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  "First, the plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."'"  Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).  "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent."  Id. (citing McGuckin v. Smith, 974 F.2d at 1060).  Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay or intentionally interfere with medical treatment.  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988.)

"Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily

1   activities; or the existence of chronic and substantial pain.'"

2   Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc)

3   (citing McGuckin, 974 F.2d at 1059-60).

4        "[T]he official must be both aware of facts from which the

5   inference could be drawn that a substantial risk of serious harm

6   exists, and he must also draw the inference." Farmer, 511 U.S. at

7   837.  The indifference to medical needs must be substantial;

8   inadequate treatment due to malpractice, or even gross negligence,

9   does not amount to a constitutional violation. Wilson, 501 U.S. at

10  297 (quoting Estelle, 429 U.S. at 105-06); Toguchi v. Chung, 391

11  F.3d 1051, 1060 (9th Cir. 2004) (stating that medical malpractice,

12  negligence, or gross negligence are insufficient). Deliberate

13  indifference does not require an express intent to cause harm.

14  Farmer, 511 U.S. at 835-36.  But it does require more than mere

15  negligence. Id. at 835; Daniels v. Williams, 474 U.S. 327, 328

16  (1986); Estelle, 429 U.S. at 106.

17       The prisoner must allege that the defendant purposefully

18  ignored or failed to respond to his pain or medical needs, because

19  an inadvertent failure to provide adequate care does not constitute

20  a violation.  Estelle, 429 U.S. at 105-06; see also Wood v.

21  Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (noting that

22  although plaintiff's treatment was not "as prompt or efficient as a

23  free citizen might hope to receive," it was not constitutionally

24  deficient).

25       Plaintiff alleges that Dr. Torchia's failure to fill his

26  chipped tooth immediately was a wanton and unnecessary infliction

27  of pain that "significantly affected his daily activities,"

28  preventing him from eating, sleeping, and talking.  (Am. Compl. 7);

1    <u>See</u> <u>Lopez</u>, 203 F.3d at 1131.  Although Lopez describes his injury

2    in more detail in his Opposition, Plaintiff's Complaint provides

3    minimal facts demonstrating the severity of his chipped tooth.

4    (<u>Compare</u> Am. Compl. 7, <u>with</u> Opp'n Torchia's Mot. Dismiss 6-7.)  The

5    symptoms Plaintiff attributes to his chipped tooth in his Complaint

6    are identical to post-operative symptoms of tooth extraction, thus

7    it is unclear whether the pain was caused by his chipped tooth or

8    normal post-operative pain.  (Am. Compl. at 4, 7; Def. Torchia's

9    Mot. Dismiss Attach. #2 Mem. P. & A. 4.)  Viewing the facts in the

10   light most favorable to the Plaintiff, however, the Court will

11   assume the chipped tooth was the actual cause of pain.

12        Lopez asserts that the chipped tooth was an "injury that a

13   reasonable doctor or patient would find important and worthy of

14   comment or treatment."  <u>Lopez</u>, 203 F.3d at 1131.  Dr. Torchia not

15   only made a comment about Plaintiff's tooth but also ordered a sick

16   call to fill the tooth.  (Am. Compl. 7; <u>id.</u> Attach. #1 Ex. F at 1.)

17   Plaintiff's allegations establish that Lopez suffered a serious

18   medical need as a result of his chipped tooth.

19        In order to succeed on an Eighth Amendment claim, the

20   Plaintiff must also satisfy the second element of deliberate

21   indifference.   <u>Jett</u>, 439 F.3d at 1096.  "An accident although it

22   may produce added anguish, is not on that basis alone to be

23   characterized as wanton infliction of unnecessary pain sufficient

24   to demonstrate deliberate indifference."  <u>Estelle</u>, 429 U.S. at 105.

25   Lopez must allege that Defendant Torchia knew Lopez faced a

26   substantial risk of serious harm and was deliberately indifferent

27   to that harm.  <u>See</u> <u>Farmer</u>, 511 U.S. at 836; <u>Estelle</u>, 429 U.S. at

28   104.

Plaintiff contends Dr. Torchia should have immediately filled his tooth, and his refusal to do so amounted to deliberate indifference. (Am. Compl. 7.) Dr. Torchia argues that he is an oral surgeon, not a general dentist, thus it was reasonable to refer Lopez to a general dentist, such as Dr. Santoyo, to fix the chipped tooth. (Def. Torchia's Mot. Dismiss Attach. #2 Mem. P. & A. 5.)

Plaintiff believes that even if Dr. Torchia was an oral surgeon, he also would have been certified as a general dentist, so he should have filled the chipped tooth immediately but failed to do so because it was beneath him, he would not be paid for the procedure, or he was prejudiced against prisoners. (Opp'n Torchia's Mot. Dismiss 8-9; see also Surreply 3-4.) Torchia counters that "as a surgeon, [he] did not have the equipment in his office to perform the needed filling." (Reply 3.) Lopez disputes this assertion because the risks involved in oral surgery presumably "mandate" that Dr. Torchia equip his office to perform needed fillings. (Surreply 4.) This exchange highlights a factual dispute. Nevertheless, at this stage of the proceedings, the Court must evaluate whether the Complaint alleges "enough facts to state a claim that is plausible on its face." Bell Atl. Corp., 550 U.S. at 570.

Dr. Torchia contends that his prescription for pain medication and referral is direct evidence that he was responding to the Plaintiff's dental needs by ensuring the Plaintiff received adequate care upon returning to the prison. (Def. Torchia's Mot. Dismiss Attach. #2 Mem. P. & A. 5; Am. Compl. Attach. #1 Ex. F at 1.) Thus, he did not purposefully ignore or fail to respond to the

09cv0108 JM (RBB)

prisoner's pain, which is required to establish deliberate indifference.  (Def. Torchia's Mot. Dismiss Attach. #2 Mem. P. & A. 5.)

Lopez may have a difference of opinion regarding the dental treatment he should have received; however, that disagreement is not enough to establish deliberate indifference.  <u>Randall v. Wyrick</u>, 642 F.2d 304, 308 (8th Cir.1981); <u>see also</u>  <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989) (stating that an appellant's difference of opinion over matters of expert medical judgment or a prescribed course of medical treatment fails to state a federal constitutional question).  Additionally, Plaintiff's contention that the roughly two-month delay in treating his chipped tooth amounted to deliberate indifference is insufficient because mere delay in providing dental treatment, is not enough to establish deliberate indifference.  (Am. Compl. 8); <u>McGuckin</u>, 974 F.2d at 1060 (stating that a prisoner cannot make a claim for deliberate medical indifference based on a delay of surgery unless the denial was harmful).

Dr. Torchia was an outside provider.  Once the Plaintiff's oral surgery was complete and a "dental sick call" ordered, the two-month delay to fill the chipped tooth cannot be attributed to Dr. Torchia.  Lopez argues that Dr. Torchia did not know how long it would take the prison to act on his "sick call" request or that the ibuprofen he prescribed was ineffective.  (Opp'n Torchia's Mot. Dismiss 9; Surreply 6-7.)  This oral surgeon extracted two of Plaintiff's wisdom teeth, he prescribed ibuprofen, and he wrote a dental sick call for a dentist to repair a defective filling.  (Am. Compl. Attach. #1 Ex. C at 6, Ex. F at 10.)  Plaintiff's

22

09cv0108 JM (RBB)

1   allegations against this Defendant are insufficient to show

2   deliberate indifference to Lopez's serious medical need.

3       This is not an instance where the Defendant "sat idly by"

4   while Lopez suffered harm.  See McGuckin, 974 F.2d at 1060.  There

5   is nothing in Plaintiff's Complaint, Opposition, or Surreply that

6   suggests that Dr. Torchia knew that an immediate filling was

7   required.  The doctor's response was not a "patently ineffective

8   gesture[] purportedly directed towards remedying objectively

9   unconstitutional conditions . . . ."  See Coleman v. Wilson, 912 F.

10  Supp. 1282, 1319 (E.D. Cal. 1995).

11      Although Plaintiff has sufficiently pleaded a serious medical

12  need, his factual allegations do not rise to the level of

13  deliberate indifference and state an Eighth Amendment violation

14  against Dr. Torchia.  Therefore, the Court recommends that

15  Plaintiff's claim against Defendant Torchia be dismissed.

16      In the context of treating Lopez's impacted wisdom teeth, this

17  isolated instance of not immediately filling the chipped tooth is

18  not a constitutional violation.  See Cicio v. Graham, No. 08-cv-534

19  (NAM/DEP), 2010 U.S. Dist. LEXIS 23822, at *30 (N.D.N.Y. Feb. 24,

20  2010).  The allegations in the Amended Complaint and the arguments

21  in Plaintiff's Opposition and Surreply show that any attempt to

22  amend this claim would be futile.  Consequently, the Motion to

23  Dismiss should be **GRANTED WITHOUT LEAVE TO AMEND**.

24      **2.   Defendant Santoyo**

25      Defendant Santoyo seeks to dismiss Plaintiff's Eighth

26  Amendment claim because Lopez fails to state claim against him for

27  deliberate indifference to serious dental needs.  (Defs. Santoyo &

28  Robertson's Mot. Dismiss 10-11.)  Plaintiff contends that after his

November 1, 2006 appointment with Dr. Santoyo, the doctor "was put on notice and well aware of the [P]laintiff['s] serious and urgent medical/dental needs." (Am. Compl. 4.) Dr. Santoyo was again put on notice of the inadequate dental care on January 1, and February 27, 2007, when Plaintiff filed a 602 grievance and appeal requesting the surgery Dr. Santoyo ordered. (Id.) Lopez asserts that Defendant Santoyo was deliberately indifferent to Plaintiff's needs by "not following up" on Santoyo's "urgent" recommendation. (Id.) Lopez further claims that from November 1, 2006, to April 30, 2007, Dr. Santoyo's refusal "to act and respond appropriately within his scope as a dentist at [C]alipatria[]" caused the Plaintiff extreme pain and suffering. (Id. at 4.) Lopez also alleges that Santoyo "refuse[d] to prescribe the necessary pain medication" to alleviate Plaintiff's pain. (Id.)

     As discussed above, Eighth Amendment claims for deliberate indifference to serious medical needs require a plaintiff to "show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."'" Jett v. Penner, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d at 1059). Furthermore, plaintiff must show the "defendant's response to the need was deliberately indifferent." Id. (citing McGuckin, 974 F.2d at 1060).

     Plaintiff alleges a serious medical need on November 1, 2006, because "[P]laintiff's tooth had become infected, swollen, and caused migraine headaches and earaches . . . ." (Am. Compl. 4.) During Plaintiff's appointment, Dr. Santoyo recommended surgery to extract two of Lopez's wisdom teeth and indicated the requested

1  treatment was "urgent."  (Id.; Attach. #1 Ex. C at 1.)  These

2  actions show that Dr. Santoyo felt the surgery was "important and

3  worthy of comment or treatment."  Lopez, 203 F.3d at 1131.

4  Additionally, Plaintiff's symptoms continued after the appointment

5  and significantly affecting his daily activities.  (Am. Compl. 4);

6  Lopez, 203 F.3d at 1131.  Thus, Plaintiff had a serious medical

7  need, the extraction of his wisdom teeth.

8      Plaintiff must also establish that Dr. Santoyo was

9  deliberately indifferent to the medical need.  Estelle, 429 U.S.

10  104.  Plaintiff alleges that his extreme pain and suffering was

11  caused by the delay in surgery and Dr. Santoyo's failure to

12  prescribe pain medication and follow up after the November 1, 2006

13  appointment.  (Am. Compl. 4.)  The doctor's notes indicate that

14  during Plaintiff's appointment, Dr. Santoyo informed Lopez that the

15  waiting list for the surgery was long and could take approximately

16  three months.  (Id. Attach. #1 Ex. B at 1.)  At that time, Santoyo

17  prescribed Peridex for Plaintiff.  (Id.)  Lopez disputes that he

18  was ever informed he would have to wait so long for surgery.

19  (Opp'n Defs. Santoyo & Robertson's Mot. Dismiss 11.)

20      Plaintiff subsequently filed the January 1, 2007 informal

21  grievance.  (Id. at 4-6.)  Plaintiff received a response to the

22  grievance which informed him that he was on the list to be seen by

23  an outside oral surgeon.  (Errata re. Defs. Santoyo & Robertson's

24  Mot. Dismiss 10.)  Lopez was dissatisfied with the response and

25  filed the February 27, 2007 formal grievance which was granted on

26  April 24, 2007, and surgery was scheduled for April 30, 2007.  (Id.

27  at 11; Am. Compl. 4-6.)  Plaintiff asserts that Dr. Santoyo was

28  aware of Plaintiff's serious dental needs for six months "but

1  refused to act and respond appropriately within his scope as a

2  dentist at [C]alipatria." (Am. Compl. 4.)

3      Although Lopez's surgery took place six months after his

4  appointment with Dr. Santoyo, a "mere delay in surgery" does not

5  amount to deliberate indifference "unless the denial was harmful."

6  McGuckin, 974 F.2d at 1060 (quoting Shapley v. Nevada Bd. of State

7  Prison Comm'rs., 766 F.2d 404, 407 (9th Cir. 1985); Esposito v. D.

8  Khatri, No. 08cv742-H (WMc), 2009 WL 702218, at *10 (S.D. Cal. Mar.

9  16, 2009) (citations omitted); Chrisman v. Smith, No.

10  08CV975-IEG-LSP, 2008 WL 4891235, at *3 (S.D. Cal. Nov. 12, 2008)

11  (citation omitted); Velasquez v. Barrios, No. 07cv1130-LAB (CAB),

12  2008 WL 4078766, at *9 (S.D. Cal. Aug. 29, 2008). The prisoner

13  does not need to show that the harm was substantial, although doing

14  so would provide support for his claim of deliberate indifference.

15  Jett v. Penner, 439 F.3d at 1096 (citation omitted). Plaintiff's

16  Complaint sufficiently alleges substantial harm -- continued pain

17  and suffering -- during the delay.

18      A Defendant's acts or omissions rise to the level of

19  deliberate indifference and a constitutional violation if the

20  defendant acts with reckless disregard to a serious harm. Farmer,

21  511 U.S. at 836. Eighth Amendment liability is premised on Dr.

22  Santoyo knowing that Lopez faced a substantial risk of serious harm

23  yet failed to take reasonable measures to abate it. Id. at 847.

24  Dr. Santoyo knew there was a substantial risk to Lopez because he

25  requested "urgent" care for the patient. (Am. Compl. 4; Id.

26  Attach. #1 Ex. C at 1.) He referred Lopez to an oral surgeon,

27  which was approved by prison officials the next day. (Id. Attach.

28  #1 Ex. C at 1.) This referral was a reasonable measure to prevent

harm.  Dr. Santoyo took appropriate measures to ensure Lopez
received treatment even though Plaintiff argues he should have done
more.  (See Opp'n Defs. Santoyo & Robertson's Mot. Dismiss 12.)
There is no allegation or suggestion that Dr. Santoyo had any
authority to schedule Lopez's subsequent oral surgery.  The
doctor's alleged failure to follow up and attempt to shorten
Plaintiff's wait for surgery appears to allege no more than
negligence.  And negligence does not amount to a constitutional
violation.  Wilson, 501 U.S. at 297.

     Lopez also alleges that Dr. Santoyo's failure to perform the
oral surgery amounts to deliberate indifference.  (Am. Compl. at 4,
8.)  Plaintiff asserts that Dr. Santoyo did not need to refer Lopez
to an oral surgeon and instead could have minimized Lopez's pain
and suffering by performing the wisdom teeth extraction himself.
(Id. at 8.)  In Plaintiff's informal grievance, however, he asks to
be "sent to an outside hospital to have my wisdom teeth removed."
(Errata re. Defs. Santoyo & Robertson's Mot. Dismiss 9.)  Lopez
specifically requested to be referred to an outside provider
instead of Dr. Santoyo, but he now asserts Dr. Santoyo was
deliberately indifferent to his medical needs by failing to perform
the surgery.  (Id.)  Even if Dr. Santoyo could have performed the
oral surgery, his failure to do so would not violate the Eighth
Amendment unless this amounted to deliberate indifference.  Lopez's
Complaint does not show Dr. Santoyo acted with deliberate
indifference, and his failure to perform the surgery does not
change the Court's conclusion.

     Plaintiff also states that Dr. Santoyo refused "to prescribe
the necessary pain medication to alleviate Plaintiff's pain."  (Am.

27

Compl. 4.)  On his May 2, 2007 progress notes, the doctor wrote

that Plaintiff was on pain medication; however, it is unclear when

this medication was prescribed and in what dosage.  (<u>Id.</u>)  In his

Complaint, Lopez fails to address why the medication was

inadequate, but he discusses his injury, pain, and medications in

more detail in his Opposition.

Plaintiff additionally claims Dr. Santoyo displayed deliberate

indifference by failing to fill Lopez's chipped tooth promptly.

(<u>Id.</u> at 8.)  Plaintiff alleges his tooth was chipped on April 30,

2007, and it was not filled by Dr. Santoyo until July 10, 2007.

(<u>Id.</u> at 7.)  In the interim period, Plaintiff filed a Health Care

Request form on May 2, 2007, and was seen by Dr. Santoyo on May 15,

2007.[3]  (<u>Id.</u>)  Dr. Santoyo placed Plaintiff on a liquid diet citing

swelling of the lower jaw and inability to eat solid foods.  (<u>Id.</u>)

Again, 'mere delay in surgery,' does not amount to deliberate

indifference unless the delay was harmful and accompanied by an

officials reckless disregard for a risk of serious harm.  <u>McGuckin</u>,

974 F.2d at 1060; <u>Farmer</u>, 511 U.S. at 836.  Dr. Santoyo responded

to Plaintiff's Health Care Request form and prescribed a course of

treatment until the tooth could be filled.  (Am. Compl. 8.)

Whether this amounts to deliberate indifference to a serious

medical need cannot be resolved at the pleading stage.

Without more in the Complaint, Plaintiff's Eighth Amendment

claims against Dr. Santoyo should be **DISMISSED**.  The claim that

this Defendant violated Plaintiff's Eighth Amendment rights by

---

[3]  Although the Complaint refers to the May 2, 2007 Health
Care Request form as Exhibit G, the exhibit was attached to the
original Complaint but omitted from the Amended Complaint.  (Am.
Compl. 7.)

09cv0108 JM (RBB)

failing to follow up after the November 1, 2006 appointment to
ensure that the oral surgery was timely (<u>id.</u> at 4), failing to
perform the oral surgery himself (<u>id.</u> at 8), failing to prescribe
pain medication (<u>id.</u> at 8), and not promptly filling Lopez's
chipped tooth himself (<u>id.</u> at 8), should be **DISMISSED WITH LEAVE TO**
**AMEND.**

### 3.   Defendant Robertson

Defendant Robertson contends that Lopez fails to state an
Eighth Amendment claim against him and argues that respondeat
superior liability is inapplicable to § 1983 claims.  (Defs.
Santoyo & Robertson's Mot. Dismiss Mem. P. & A. 13-16.)  As
previously discussed, Lopez asserts that he suffered a 'serious
medical need,' and the delay in extracting the wisdom teeth caused
him pain and inhibited his daily activities.  (Am. Compl. 6);
<u>Estelle</u>, 429 U.S. 104.  Lopez must allege a plausible claim that
Defendant Robertson acted with deliberate indifference to
Plaintiff's serious dental needs. <u>Jett</u>, 439 F.3d at 1096.

Plaintiff claims Defendant Robertson was initially put on
notice of Lopez's medical need on November 2, 2006, when he
approved Lopez's surgery request, and again when Plaintiff filed
his informal grievance and his first formal grievance on January 1,
and February 27, 2007, respectively.  (Am. Compl. 5-6.)  Plaintiff
contends that Robertson was "grossly negligent in managing the
people he was suppose to supervise" and had a duty as Chief Medical
Officer to supervise Dr. Santoyo to ensure the doctor followed up
and that Lopez received the surgery.  (<u>Id.</u>)  Plaintiff asserts
Robertson exhibited deliberate indifference by "refus[ing] to
intervene and alleviate [P]laintiffs pain and suffering." (<u>Id.</u> at

09cv0108 JM (RBB)

6.)  As discussed previously, gross negligence does not amount to a
constitutional violation.  <u>Toquchi</u>, 391 F.3d 1060.  Furthermore,
Lopez's claim does not rely on specific factual allegations of
deliberate indifference but on vicarious liability.  (Defs. Santoyo
& Robertson's Mot. Dismiss 13-14.)

     Section 1983 of the Civil Rights Act does not authorize
bringing a cause of action based on respondeat superior liability.
<u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 692-93 (1978) ("[T]he
fact that Congress did specifically provide that A's tort became
B's liability if B 'caused' A to subject another to a tort suggests
that Congress did not intend § 1983 liability to attach where such
causation was absent.") (footnote omitted); <u>see also Motley v.
Parks</u>, 432 F.3d 1072, 1081 (9th Cir. 2005).  State officials are
subject to suit in their personal capacity if "they play an
affirmative part in the alleged deprivation of constitutional
rights."  <u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987) (citing
<u>Rizzo v. Goode</u>, 423 U.S. 362, 377 (1976)).  A supervisor may be
found personally liable if he "set[s] in motion a series of acts by
others . . . , which he knew or reasonably should have known, would
cause others to inflict the constitutional injury."  <u>Motley</u>, 432
F.3d at 1081 (quoting <u>Larez v. City of Los Angeles</u>, 946 F.2d 630,
646 (9th Cir. 1991)).

     Lopez has not sufficiently alleged a constitutional violation
by Robertson.  He does not state any facts showing that Robertson
was responsible for the delay of Plaintiff's dental surgery.  <u>See
Hunt v. Dental Dep't</u>, 865 F.2d at 200 ("As to [defendant] Lewis,
Hunt failed to allege any facts showing how he played a role in
denying Hunt medical care."); <u>see Gamache v. Williams</u>, 2006 U.S.

30

1  Dist. LEXIS 24869, at *12 (E.D. Cal. Mar. 27, 2006) (noting that
2  there were no allegations that defendant doctors were responsible
3  for scheduling inmate's biopsy or hindered its performance).
4  Robertson, as a member of the dental authorization review
5  committee, approved Plaintiff's surgery request in a timely manner
6  and approved the response to Lopez's first formal level grievance
7  which set the surgery date.  (Am. Compl. 5-6; Errata re Defs.
8  Santoyo & Robertson's Mot. Dismiss Attach. #1 Ex. B at 2.)  In his
9  Opposition, Lopez argues that Robertson should have intervened to
10 ensure Plaintiff received oral surgery within sixty days of the
11 diagnosis that he was in urgent need of care.  (Opp'n Defs. Santoyo
12 & Robertson's Mot. Dismiss 16-18.)  But Robertson's minimal role,
13 approving the surgery and reviewing Plaintiff's grievance, does not
14 state a plausible a claim that Robertson played an affirmative part
15 in the alleged deprivation of Lopez's constitutional right to
16 dental care.  <u>King</u>, 814 F.2d 568.

17      Plaintiff makes no argument about the inadequacy of Defendant
18 Robertson's policies and practices.  In his Opposition, Lopez
19 acknowledges that he does not contend that a specific policy
20 violates the Constitution; instead, he maintains that Robertson
21 simply failed to evaluate the policy at Calipatria to ensure it was
22 effective.  (Opp'n Santoyo & Robertson's Mot. Dismiss 19.)  Without
23 further allegations in the Complaint, Lopez does not state a claim
24 for deliberate indifference, but it is not clear that he is unable
25 to amend.  <u>See Lopez</u>, 203 F.2d at 649.  Thus, Plaintiff's Eighth
26 Amendment claim against Robertson should be **DISMISSED WITH LEAVE TO**
27 **AMEND**.
28 //

31

1   **B.**    Immunity

2       **1.    Eleventh Amendment Immunity**

3       Defendants Santoyo and Robertson argue that they cannot be

4   sued for damages "in their official capacity" in federal court; for

5   that reason, Lopez's claims for monetary damages against them in

6   their official capacity should be dismissed.  (Defs. Santoyo &

7   Robertson's Mot. Dismiss 16.)  The Eleventh Amendment grants the

8   states immunity from private civil suits.  U.S. Const. Amend. XI;

9   Henry v. County of Shasta, 132 F.3d 512, 517 (9th Cir. 1997), as

10  amended, 137 F.3d 1372 (9th Cir. 1998).  "[A] suit against a state

11  official in his or her official capacity is not a suit against the

12  official but rather is a suit against the official's office."  Will

13  v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing

14  Brandon v. Holt, 469 U.S. 464, 471 (1985)).

15      Plaintiff makes claims against Defendants Santoyo and

16  Robertson in their individual and official capacities.  (Am. Compl.

17  2.)  The claim for monetary damages is properly alleged against

18  Defendants in their individual capacities.  See Kentucky v. Graham,

19  473 U.S. 159, 166 (1985).  But the claims against Defendants in

20  their official capacities are claims against the State of

21  California, which is absolutely immune from liability for damages.

22  See Brandon, 469 U.S. at 471.

23      Accordingly, Defendants' Motion to Dismiss the monetary claims

24  against them in their official capacities should be **GRANTED WITHOUT**

25  **LEAVE TO AMEND.**  Lopez may only proceed in his claim for monetary

26  damages against Defendants Santoyo and Robertson in their

27  individual capacities.

28  //

**2.   Qualified Immunity**

Defendants also argue that they are entitled to qualified immunity because "no federal constitutional rights were personally violated by Santoyo and Robertson." (Defs. Santoyo & Robertson's Mot. Dismiss 17.)  Additionally, they contend that "neither Santoyo nor Robertson were causally involved in any violation of Plaintiff's civil rights." (Id.)  Plaintiff maintains that because they were on notice of his need for surgery, Defendants should not be entitled to qualified immunity. (Opp'n Defs. Santoyo & Robertson's Mot. Dismiss 20-23.)

Indeed, the Court should attempt to resolve this threshold immunity question at the earliest possible stage in the litigation. See Hunter v. Bryant, 502 U.S. 224, 227 (1991) (citations omitted); Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (noting that the purpose of resolving immunity issues early is so that officials are not subjected to unnecessary discovery).  As noted above, the Court has recommended that the majority of Plaintiff's claims be dismissed without prejudice.  The qualified immunity issue is premature until, and if, Lopez amends his Complaint.  See Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 793-94 (2nd Cir. 2002) (explaining that ruling on qualified immunity in the context of a Rule 12(b)(6) motion would be premature because the issue "turns on factual questions that cannot be resolved at this stage of the proceedings[]"); see also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (stating government officials are shielded from liability if their conduct does not violate a constitutional right that was clearly established) (citations omitted).  Defendants' Motion to

09cv0108 JM (RBB)

1  Dismiss based on qualified immunity should be **DENIED WITHOUT**

2  **PREJUDICE** as premature.

3  **IV. CONCLUSION**

4      For the reasons stated above, Defendants' Motions to Dismiss

5  should be **GRANTED IN PART** and **DENIED IN PART.**

6      The Court should **DENY** Defendant Santoyo and Robertson's Motion

7  to Dismiss the Eighth Amendment claim against them for failure to

8  exhaust**.**   The Court should not consider the argument raised in

9  Defendant Torchia's Reply that Lopez failed to exhaust his

10  administrative remedies.

11      Plaintiff's claim against Defendant Torchia should be

12  **DISMISSED WITH PREJUDICE** and his claims against Defendants Santoyo

13  and Robertson for Eighth Amendment violations due to inadequate

14  dental care should be **DISMISSED WITHOUT PREJUDICE.**

15      Defendant Santoyo and Robertson's Motion to Dismiss monetary

16  claims against them in their official capacities should be **GRANTED.**

17  Defendants' Motion to Dismiss based on qualified immunity should be

18  **DENIED WITHOUT PREJUDICE** as premature.

19      This Report and Recommendation will be submitted to the United

20  States District Court Judge assigned to this case, pursuant to the

21  provisions of 28 U.S.C. § 636(b)(1).  Any party may file written

22  objections with the Court and serve a copy on all parties on or

23  before July 16, 2010.  The document should be captioned "Objections

24  to Report and Recommendation."  Any reply to the objections shall

25  be served and filed on or before July 30, 2010.  The parties are

26  advised that failure to file objections within the specified time

27  //

28

34

1    may waive the right to appeal the district court's order.   <u>Martinez</u>

2    <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3         **IT IS SO ORDERED**.

4

5    DATE: June 17, 2010

6                                        RUBEN B. BROOKS
                                         United States Magistrate Judge

7    cc:  Judge Miller
          All Parties of Record

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28