1
2
3
4
5
6
7       UNITED STATES DISTRICT COURT
8       SOUTHERN DISTRICT OF CALIFORNIA
9

10   ADAM RAY LOPEZ,                          CASE NO.09-CV-108 W (RBB)

11                          Plaintiff,        **ORDER:**

12                                            **1) ADOPTING REPORT
13                                            AND RECOMMENDATION
                                             (Doc. No. 48.)**
14
                                             **2) GRANTING DEFENDANT
15                                            TORCHIA'S MOTION TO
16   vs.                                      DISMISS (Doc. No. 12.)**

17                                            **3) GRANTING-IN-PART
18                                            AND DENYING-IN-PART
                                             DEFENDANT SANTOYO
19                                            AND ROBERTSON'S
                                             MOTION TO DISMISS (Doc.
20                                            No. 16.)**

21
                                             **4) DENYING PLAINTIFF'S
22   P. SANTOYO, D.D.S., C.                   MOTION FOR DEFAULT
     ROBERTSON, C.D.O., and                   CALLING FOR SANCTIONS
23   RICHARD TORCHIA, D.D.S.                  (Doc. No. 28.)**

24                          Defendants.
                                             **5) DENYING DEFENDANTS'
25                                            EX PARTE MOTION FOR
26                                            AN EXTENSION OF TIME
                                             (Doc. No. 13.)**
27

28

Plaintiff Adam Ray Lopez ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Complaint on January 16, 2009, pursuant to 42 U.S.C. § 1983 (Doc. No. 1.)  Plaintiff filed his First Amended Complaint ("FAC") on July 15, 2009. (Doc. No. 7.)[1] Plaintiff asserts that Defendants P. Santoyo, D.D.S., C. Robertson, Chief Dental Officer, and Richard Torchia, D.D.S., violated his Eighth Amendment rights by acting with deliberate indifference to his dental needs.[2]  On June 17, 2010, Magistrate Judge Ruben B. Brooks issued a Report and Recommendation ("Report"), recommending that the Court **GRANT-IN-PART** and **DENY-IN-PART** Defendants Torchia, Santoyo, and Robertson's motion to dismiss, and **DENY** Plaintiff's Motion for Default Calling for Sanctions.. (Doc. No. 48.)  The Report also ordered that any objections were to be filed by July 16, 2010, and any reply filed by July 30, 2010. (*Id.*)

On July 16, 2010, Defendants Santoyo and Robertson filed an objection to the Report. (Doc. No. 49.)  The Court is now prepared to consider Defendants' Objection on the papers submitted and without oral argument.  See S.D. Cal. Civ. R. 7.1(d.1).  For the following reasons, the Court **OVERRULES** Defendants' objection and **ADOPTS** the Report.

## I.   BACKGROUND

At the time Plaintiff filed the FAC, he was incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California. (*FAC* at 4.)  The events giving rise to this suit occurred while he was housed at Calipatria State Prison. (*Id.*)

On July 26, 2006, Plaintiff submitted a Health Care Service Request form to prison officials requesting the extraction of his wisdom teeth because he was

---

[1] Because Plaintiff's FAC is not consecutively paginated, this Court will use the page numbers assigned by the electronic case filing system when citing this document.

[2] Although the Complaint names R. Torchia, Defendant corrects his name to Richard Torchia in the Motion to Dismiss. (*FAC* at 1-2; *Def. Torchia's Mot.* at 1.)

1   experiencing extreme pain and discomfort. (*FAC.* at 4, *Exh.* A.)  Defendant Santoyo,

2   a dentist at Calipatria, saw Plaintiff on November 1, 2006. (*FAC* at 4.)   Defendant

3   Santoyo examined Plaintiff and completed a Physician Request for Services form,

4   indicating that Lopez was in "urgent" need of oral surgery for two impacted molars,

5   citing swelling, pain, and infection. (*FAC.* at 4, *Exh.* C.)  The proposed service provider

6   was Defendant Torchia. (*FAC* at 4; *Exh.* C.)

7        Plaintiff alleges that Defendant Santoyo refused to provide him the necessary pain

8   medication.  Plaintiff claims that his tooth became infected and swollen, which caused

9   him to have severe migraine headaches and earaches. (*FAC* at 4.)  As a result, Plaintiff

10  was prevented from eating, sleeping, and talking. (*Id.* at 4.)   Plaintiff also faults

11  Defendant Santoyo for failing to follow up on his recommendation for oral surgery,

12  because he was aware that Plaintiff's need was "urgent." (*Id.* at 4.)  Plaintiff asserts that

13  Defendant Santoyo had no justification for referring Plaintiff to an oral surgeon because

14  Defendant Santoyo performs tooth extractions. (*Id.* at 4.)

15       Defendant Robertson was the Chief Dental Officer at Calipatria who approved

16  the referral to an oral surgeon on November 2, 2006. (*FAC* at 5-6, *Exh.* C.)  Plaintiff

17  contends that Defendant Robertson was "grossly negligent in managing the people he

18  was supposed to supervise" because  "had [D]efendant [R]obertson been meticulous in

19  his supervision duties, he would have ensured that [P]laintiff received the proper pain

20  medication to relieve [P]laintiff['s] pain and suffering." (*Id.* at 5.)

21       On January 1, 2007, Plaintiff filed a 602 grievance, which was received by the

22  prison administration on January 4, 2007. (*FAC* at 4; Doc. No. 25.)  In the grievance,

23  Plaintiff complained that he had "been patiently waiting since July 2006" to have his

24  wisdom teeth extracted and requested to be sent to an outside hospital to have them

25  removed. (Doc. No. 25. at *Exh.* B.)  On February 20, 2007, Plaintiff received a reply

26  informing him that he was on the oral surgery list to be seen by an outside provider. (*Id.*)

27  Dissatisfied with the response, Plaintiff filed a first formal level appeal on February 22,

28  2007, seeking priority status to receive his surgery. (*Id.*)  On April 23, 2007, Plaintiff

1   received a first level review decision which granted his request and set his surgery date
2   for April 30, 2007. (*Id.*)

3       On April 30, 2007, after ten months of suffering, including the time he initially
4   waited to be seen by Defendant Santoyo, Plaintiff finally received oral surgery. (*FAC* at
5   6-7.)  During the surgery, however, Defendant Torchia chipped one of his other teeth.
6   (*Id.* at 7.)  "Instead of filling-in the chipped tooth, defednet [sic] [T]orchia created a
7   physicians order for a [C]alipatria dental sick call indicating a fillin[g] was needed for
8   [P]laintiff now." (*Id.* at 7.)  As a result, Plaintiff asserts that his chipped tooth became
9   infected, causing him pain and swelling, as well as migraines and earaches, that
10  prevented him from eating, sleeping, or talking. (*Id.* at 7.)

11      Defendant Santoyo saw Plaintiff on May 15, 2007, for his "chipped tooth, swelling
12  of the lower jaw and his inability to eat solid foods." (*Id.* at 7.)  The doctor noted these
13  and placed Plaintiff on a liquid diet. (*Id.* at 7.)  Defendant Santoyo filled Plaintiff's tooth
14  on July 10, 2007. (*Id.* at 7.)  Plaintiff claims the interim delay caused him pain and
15  suffering.  He holds Defendant Torchia responsible for the pain he experienced from
16  April 30, 2007, when the surgeon chipped his tooth, until July 10, 2007, when
17  Defendant Santoyo filled the chip. (*Id.* at 8.)

18      On January 16, 2009, Plaintiff commenced this action alleging Defendants
19  violated his Eighth Amendment rights by acting with deliberate indifference to his
20  dental needs. (Doc. No. 1.)  Plaintiff filed a First Amended Complaint ("Complaint")
21  on July 15, 2009. (Doc. No. 7.)  On September 23, 2009, Defendant Torchia filed a
22  Motion to Dismiss. (Doc. No. 12.)  Defendants Santoyo and Robertson moved to
23  dismiss Plaintiff's FAC on December 2, 2009. (Doc. No. 16.)

24      On February 11, 2010, Plaintiff filed a Motion for Default Calling for Sanctions
25  and alleged he did not receive a copy of Defendant Torchia's Motion to Dismiss. (Doc.
26  No. 28.)  Defendant Torchia filed an Opposition to Plaintiff's Motion on the same day.
27  (Doc. No. 29.)

28

On June 17, 2010, Magistrate Judge Ruben B. Brooks issued a Report and Recommendation ("Report") recommending that Defendants' motion to dismiss be granted-in-part and denied-in-part and that Plaintiff's Motion for Default Calling for Sanctions be denied. (Doc. No. 48.)

Defendants Santoyo and Robertson filed an objection to the Report on July 16, 2010. (Doc. No. 49.) Defendants Santoyo and Robertson objected solely to the denial of the motion to dismiss on the grounds that Plaintiff's FAC and Opposition failed to demonstrate that Plaintiff exhausted his administrative remedies. (*Id.*)

On July 19, 2010, Plaintiff filed a Motion for Extension of Time to File a Response/Reply. (Doc. No. 50.) The Court granted Plaintiff's request and gave him until August 16, 2010 to file either an objection to the Report or a response to any other parties' objection. (Doc. No. 51.) In the same Order, the Court cautioned Plaintiff that it would not entertain any additional requests for extensions of time. (*Id.*) Ignoring that warning, Plaintiff filed a Motion for Extension of Time to File Objections on August 18, 2010. (Doc. No. 53.) The Court denied Plaintiff's Motion.

## II.   LEGAL STANDARDS

### A.   Review of Magistrate Judge's Report

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).

When no objection is made, however, the district court is not required to review the report and recommendation. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the

district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise") (emphasis in original); <u>Schmidt v. Johnstone</u>, 263 F. Supp. 2d 1219, 1226 (D. Arizona 2003) (concluding that where no objections were filed, the District Court had no obligation to review the magistrate judge's report). This rule of law is well established within the Ninth Circuit and this district. <u>See</u> <u>Wang v. Masaitis</u>, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R.") (emphasis added) (citing <u>Renya-Tapia</u>, 328 F.3d 1121); <u>Nelson v. Giurbino</u>, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopted Report without review because neither party filed objections to the Report despite the opportunity to do so, "accordingly, the Court will adopt the Report and Recommendation in its entirety."); <u>see</u> <u>also</u> <u>Nichols v. Logan</u>, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

## **B.   <u>Motions to Dismiss</u>**

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  <u>See</u> <u>North Star Int'l. v. Arizona Corp. Comm'n.</u>, 720 F.2d 578, 581 (9th Cir. 1983).  All material allegations in the complaint, "even if doubtful in fact," are assumed to be true.  <u>Id</u>.  The court must assume the truth of all factual allegations and must "construe them in the light most favorable to the nonmoving party." <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893, 895 (9th Cir. 2002); <u>see also</u> <u>Walleri v. Fed. Home Loan Bank of Seattle</u>, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court explained, "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964 (2007).  Instead, the allegations in the complaint "must be enough to raise a right to relief above the

speculative level." Id. at 1964–65.  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Where a plaintiff appears *in propria persona* in a civil rights case, the court must also be careful to construe the pleadings liberally and afford plaintiff any benefit of the doubt.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  However, at a minimum, even a *pro se* plaintiff must allege with at least some degree of particularity over acts which defendants engaged in that support his claim. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).

## III.   DISCUSSION - DEFENDANT SANTOYO AND ROBERTSON'S OBJECTION

As mentioned above, Defendants Santoyo and Robertson object to the Magistrate Judge's conclusion that Plaintiff sufficiently exhausted his administrative remedies. (Doc. No. 48.)  Santoyo and Robertson contend that Plaintiff failed to exhaust his administrative remedies by not advancing his appeal to the Second and Third levels of review. (*Id.* at 2.)  Alternatively, Defendants Santoyo and Robertson contend that even if Plaintiff did see through the entire appeals process, Plaintiff failed to provide prison authorities notice of the alleged misconduct, and as such, Plaintiff failed to exhaust properly.  For the reasons cited below, the Court **OVERRULES** the objection and **ADOPTS** the Report.

### A.   Plaintiff Exhausted All Administrative Remedies Available

The Report recommends that Defendants Santoyo and Robertson's motion to dismiss for failure to exhaust administrative remedies be denied.  Relying on Brown, the Report explains that "Because Plaintiff received the relief he requested in response to his first level appeal, he did not need to pursue the appeal any further to exhaust his

1  claim." (*Report* at 10; citing <u>Brown v. Valoff</u>, 422 F.3d 926, 935 n.10 (9th Cir. 2005)).[3]

2      The Ninth Circuit has held that failure to exhaust non-judicial remedies is a

3  matter of abatement not going to the merits of the case and is properly raised pursuant

4  to a motion to dismiss. <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837

5  F.2d 365, 368–69 (9th Cir. 1988). Defendants have the burden of showing that a

6  plaintiff has not exhausted his administrative remedies. <u>Jones v. Bock</u>, 127 S.Ct. 910,

7  919 (2007); <u>Brown v. Valoff</u>, 422 F.3d 926, 936 (9th Cir. 2005). In deciding a motion

8  to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the

9  pleadings and decide disputed issues of fact. <u>Ritza</u>, 837 F.2d at 369.

10      The Prison Litigation and Reform Act ("PLRA") states: "no action shall be

11  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other federal

12  law, by a prisoner confined in any jail, prison or other correctional facility until such

13  administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

14  Exhaustion is required prior to the filing of any prisoner lawsuit concerning prison life,

15  whether the claims involve general conditions or specific incidents and whether they

16  allege excessive force or some other wrong. <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).

17  "Even when the prisoner seeks relief not available in grievance proceedings, notably

18  money damages, exhaustion is a pre-requisite to suit," <u>Id</u>. at 524, so long as the "prison

19  administrative process . . . could provide *some sort of relief* on the complaint stated,"

20  <u>Booth v. Churner</u>, 532 U.S. 731, 734 (2001) (emphasis added).

21      The State of California provides its prisoners and parolees the right to

22  administratively appeal any departmental decision, action, condition or policy perceived

23  by those individuals as adversely affecting their welfare. Cal. Code Regs. tit. 15,

24  § 3084.1(a). Exhausting the administrative remedies involves several steps: (1) informal

25

26      [3] For clarification, the focus in <u>Brown</u> is not on the relief requested, but rather,

27  the relief *available*. <u>Brown v. Valoff</u>, 422 F.3d 926, 935 ("We conclude . . . that a
prisoner need not press on to exhaust further levels of review once he has either

28  received all 'available' remedies at an intermediate level of review or been reliably
informed by an administrator that no remedies are available.").

1  resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) "second
2  level appeal" to the institution head or designee, and finally (4) "third level appeal" to
3  the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp.
4  1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). The third level,
5  or "Director's Level," of review shall be final and exhausts all administrative remedies
6  available in the Department of Corrections. Cal. Dep't of Corrections Operations
7  Manual § 54100.11, "Levels of Review"; Barry, 985 F. Supp. at 1237–38; Irvin v.
8  Zamora, 161 F. Supp. 2d 1125, 1129 (S.D. Cal. 2001).

9       As mentioned above, Plaintiff filed a 602 grievance on January 1, 2007, which was
10 received by prison administration on January 4, 2007. (FAC at 4; Doc. No. 25.) On
11 February 20, 2007, Plaintiff received a reply informing him that he was on the oral
12 surgery list to be seen by an outside provider. (Id.) Dissatisfied with the response,
13 Plaintiff filed a first formal level appeal on February 22, 2007, seeking priority status to
14 receive his surgery. (Id.) On April 23, 2007, Plaintiff received a first level review
15 decision which granted his request and set his surgery date for April 30, 2007. (Id.)

16      It is undisputed that Plaintiff did not proceed beyond the first level and pursue
17 the next two steps of the review process. (Doc. No. 40 at 8.) However, Plaintiff argues
18 that because he received the surgery that he requested, he had no other administrative
19 remedies to exhaust. (Id. at 9.) As mentioned above, the Report agreed.

20      In contrast, Defendants contend that "Since [P]laintiff still wanted to file a
21 lawsuit, he was obligated to proceed to the next level of review even though a lawsuit
22 could not be initiated in the prison system." (Doc. No. 49 at 3.) The Court disagrees.

23      Plaintiff could have avoided this discussion by simply appealing every issue to the
24 highest level. Indeed, courts have recognized that doing so may be the most prudent
25 course of action. See Brown, 422 F.3d at 935 n.10 (explaining that "it may be advisable
26 for an inmate to appeal every issue to the highest level to avoid any question as to
27 whether the administrative process has been adequately exhausted....") But Defendants
28

1   Santoyo and Robertson still have the burden to demonstrate that Plaintiff failed to

2   exhaust his prison remedies.

3          Having reviewed the moving papers, the Court believes that Defendants have

4   simply failed to show that Plaintiff had any available remedy once he received the first

5   level review decision that set his requested surgery date for April 30, 2007—less than

6   a week from the notice of that decision.  More specifically, Defendants have failed to

7   show that the second formal level of review "could [have] provide[d] [Plaintiff with]

8   some sort of relief." <u>Booth</u>, 532 U.S. at 734.  "Establishing as an affirmative defense, the

9   existence of further "available" administrative remedies requires evidence, not

10  imagination." <u>Brown</u>, 422 F.3d at 940.

11         In sum, because Defendants have failed to show the existence of any available

12  remedies, the Court **OVERRULES** Defendant Santoyo and Robertson's objection in

13  this regard.

14

15         **B.     Plaintiff Exhausted All Administrative Remedies Available Properly**

16          In their objection to the Report, Defendants Santoyo and Robertson also argue

17  that "because plaintiff's appeal does not even mention the problems alleged in his FAC,

18  not to mention the individual defendants, it cannot be the basis for an exhaustion claim,

19  no matter how far plaintiff's appeal went or whether it was granted. (Doc. No. 49 at

20  6;citing <u>Griffin v. Arpaio</u>, 557 F.3d 1117, 1121 (9th Cir. 2009)).  Additionally,

21  Defendants Santoyo and Robertson claim that "there was nothing on the face of

22  plaintiff's appeal that could give notice to prison officials of the possibility of a lawsuit."

23  (<u>Id.</u>)  The Report did not specifically address whether Plaintiff gave sufficient notice of

24  his potential claims in his grievances. (*Report* at 8-11.)

25         The Supreme Court established that a prison's grievance process determines the

26  requisite level of detail a prisoner's grievance must be. <u>Jones v. Bock</u>, 549 U.S. 199, 217

27  (2007).  When a prison's grievance process is silent on the matter, then "a grievance

28  suffices if it alerts the prison to the nature of the wrong for which redress is sought."

    <u>Griffin v. Arpaio</u>, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting <u>Strong v. David</u>, 297

F.3d 646, 650 (7th Cir. 2002)).  This standard furthers the purpose of a grievance, which is "to alert the prison to a problem and to facilitate its resolution." Id. at "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved."  Id.

CDC Form 602 required Plaintiff to "Describe [the] Problem" and state the "Action Requested." (*Defs. Santoyo & Robertson's Mot. Dismiss Attach. #1 Decl. Bell Ex.* B at 1); see also Cal. Code Regs. tit. 15, § 3084.2(a).  Plaintiff stated his problem as follows:

> I have been patiently waiting since July of 2006 to be sent to an outside hospital to have my wisdom teeth removed.  Enclosed is a Health Care Services Request Form I filled out in July of 2006, stating I am experiencing discomfort and pain.  Due to the pain I am in, my case should have priority.

(Doc. No. 25. at *Exh*. B.)

On February 20, 2007, Plaintiff received a reply informing him that he was on the oral surgery list to be seen by an outside provider. (*Id.*)  Dissatisfied with the response, Plaintiff filed a first formal level appeal on February 22, 2007,[4] which stated the following:

> Action requested not granted in full.  The "7" months I have already waited for the surgery is clearly an unacceptable amount of time to wait.  Due to the pain and my inability to eat, my case should have priority status, therefore, the surgery should be done forthwith [sic].

(*Id.*)

Under the applicable legal standard, this was sufficient notice.  The crux of Plaintiff's problem was the pain he was experienced based on the delay by defendants

---

[4] In terms of level of specificity, the appeal at the formal level is as broad as the that at the informal level.  The formal level appeal instructs the Plaintiff that if he is "dissatisfied, *explain* below, attach supporting documents . . . and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.  (Doc. No. 25 at *Exh*. B.)

1  in addressing his dental needs, which is precisely what Plaintiff complained of when he

2  referred to the delay as an "unacceptable of time to wait."  Contrary to Defendants'

3  assertion, this Court's holding is in accordance with <u>Griffin</u>.

4         In <u>Griffin</u>, the Ninth Circuit determined that the plaintiff failed to exhaust

5  properly because "[h]e did not provide notice of the prison staff's alleged disregard of his

6  lower bunk assignments." <u>Griffin v. Arpaio</u>, 557 F.3d 1117, 1121 (9th Cir. 2009).  In

7  contrast, Plaintiff complained that the length of the delay was unacceptable. Although

8  the prison administrators responding to Plaintiff's grievance may have "reasonably

9  concluded" that the re-scheduling of Plaintiff's surgery solved his problem, there was

10 nothing lacking in Plaintiff's grievance that could have "clarif[ied] the situation" or

11 allowed officials to take further "appropriate responsive measures."   <u>Griffin</u>, 557 F.3d

12 at 1121.

13        Accordingly, the Court **OVERRULES** Defendants Santoyo and Robertson's

14 objection to the Report and **DENIES** the motion to dismiss for a failure of exhaustion.

15

16 **III.**   **DISCUSSION - UNCONTESTED ISSUES**

17        As discussed above, Defendants Santoyo and Robertson only objected to the

18 Report in regards to administrative exhaustion.  Defendant Torchia did not file an

19 objection to the Report, nor did Plaintiff.  As such, the Court **ADOPTS** the following:

20

21    1.   Plaintiff's Motion for Default Calling for Sanctions with respect to
           Defendant Torchia is **DENIED**. (Doc. No. 28.)
22

23    2.   The Court will not consider the argument raised in Defendant Torchia's
           Reply that Plaintiff failed to exhaust his administrative remedies.
24

25    3.   Plaintiff's Eighth Amendment Claim against Defendant Torchia is
           **DISMISSED WITH PREJUDICE**.
26

27    4.   Plaintiff's Eighth Amendment Claim against Defendants Santoyo and
           Robertson is **DISMISSED WITHOUT PREJUDICE**.
28

5.      Defendants Santoyo and Robertson's Motion to Dismiss Plaintiff's monetary claims against them in their official capacity is **GRANTED**. Their motion to dismiss based upon qualified immunity is **DENIED WITHOUT PREJUDICE** as premature.

(See Doc. No. 48 at 34–35.)

## IV.    CONCLUSION AND ORDER

For the reasons cited above, and for the reasons expressed in the Report which are incorporated herein by reference, the Court **OVERRULES** Plaintiff's Objection (Doc. No. 49), **ADOPTS** the Report in its entirety (Doc. No. 48), **GRANTS-IN-PART** and **DENIES-IN-PART** Defendants Santoyo and Robertson's motion to dismiss (Doc. No. 16), **GRANTS** Defendant Torchia's motion to dismiss (Doc. No. 12), and **DENIES** Plaintiff 's Motion for Default Calling for Sanctions (Doc. No. 28).

In light of the foregoing, the Court also **DENIES** Defendants' motion for an extension of time. (Doc. No. 13.)  Should Plaintiff desire to file a Second Amended Complaint, he must do so **on or before October 29, 2010.**

**IT IS SO ORDERED.**

DATED:  September 17, 2010

_____
Hon. Thomas J. Whelan
United States District Judge

-13-