1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11   ADAM RAY LOPEZ,                    )   Civil No. 09cv00108 W(RBB)
                                        )
12              Plaintiff,              )   **ORDER (1) DENYING PLAINTIFF'S**
                                        )   **MOTION REQUESTING PERMISSION**
13                                      )   **TO SUBMIT ADDITIONAL**
     v.                                 )   **INTERROGATORY QUESTIONS [ECF**
14                                      )   **NO. 115]; AND (2) GRANTING**
                                        )   **PLAINTIFF'S MOTION FOR AN**
15   P. SANTOYO, D.D.S, C.              )   **ORDER COMPELLING DISCOVERY**
     ROBERTSON, C.D.O.,                 )   **[ECF NO. 120]**
16                                      )
                Defendants.             )
17   _____)

18        Plaintiff Adam Ray Lopez, a state prisoner proceeding pro se

19   and in forma pauperis, filed a Complaint on January 16, 2009,

20   pursuant to 42 U.S.C. § 1983 [ECF Nos. 1, 4].  He subsequently

21   filed a First Amended Complaint on July 15, 2009 [ECF No. 7], and a

22   Second Amended Complaint on December 13, 2010 [ECF No. 62].[1]  Lopez

23   contends that Defendants Santoyo and Robertson violated his Eighth

24   Amendment right to be free from cruel and unusual punishment by

25   acting with deliberate indifference to Plaintiff's serious medical

26

27   _____

28        [1]  Because the Second Amended Complaint is not consecutively
     paginated, the Court will cite to it using the page numbers
     assigned by the electronic case filing system.

                                    1                    09cv00108 W (RBB)

needs.  (Second Am. Compl. 5, ECF No. 62.)  The Defendants filed an

Answer on December 1, 2011 [ECF No. 98].

Plaintiff's Motion Requesting Permission to Submit Additional

Interrogatory Questions was filed nunc pro tunc to May 1, 2012 [ECF

No. 115].  On May 10, 2012, the Court issued a minute order

construing Plaintiff's request as a motion for leave to serve

additional and untimely interrogatories because the May 7, 2012

deadline for propounding discovery had lapsed [ECF No. 117].

Defendants Santoyo and Robertson filed their Opposition to

Plaintiff's Motion for Leave to Serve Additional and Untimely

Interrogatories on May 24, 2012 [ECF No. 118].  On June 8, 2012,

Plaintiff filed an "Opposition to Defendants Motion [sic] and

Opposition to Plaintiffs Motion for Leave to Serve Additional

Interrogatories," which the Court construes as his Reply [ECF No.

124].

Lopez also filed a Motion for an Order Compelling Discovery on

May 31, 2012 [ECF No. 120].  Defendants filed a document titled

"Discovery Matter:  Defendants' Notice of Opposition and Opposition

to Plaintiff's Motion to Compel" on June 25, 2012 [ECF No. 126].

One month later, on July 25, 2012, Lopez similarly filed a document

titled "Discovery Matter:  Plaintiff's Opposition to Defendants'

Opposition to Plaintiff's Motion to Compel," which the Court

construes as his Reply [ECF No. 130].

The Court finds the motions suitable for resolution on the

papers, pursuant to Civil Local Rule 7.1.  See S.D. Cal. Civ. R.

7.1(d)(1).  For the reasons stated below, Lopez' Motion Requesting

Permission to Submit Additional Interrogatory Questions is **DENIED**.

Plaintiff's Motion for an Order Compelling Discovery is **GRANTED**.

# I.   FACTUAL BACKGROUND

On December 13, 2010, when Lopez filed his Second Amended Complaint, he was incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California. (Second Am. Compl. 1, ECF No. 62.)  The events giving rise to this action occurred between July 26, 2006, and July 10, 2007, while Plaintiff was housed at Calipatria State Prison ("Calipatria"). (Id. at 2, 5-10.)

Plaintiff argues that on July 26, 2006, he submitted a Health Care Services Request Form complaining of pain and discomfort in his teeth and requesting that his wisdom teeth be extracted.  (Id. at 5 (citing id. Ex. A, at 14).)  Defendant Santoyo, D.D.S., examined Lopez on November 1, 2006, in response to his request. (Id.)  The Plaintiff maintains that Dr. Santoyo's notes from that examination indicate that Lopez had a serious dental need.  (Id.; see id. Ex. B, at 16.)  According to Plaintiff, Santoyo then completed a physician request for services form stating that Lopez was in "urgent" need of oral surgery for two impacted molars, and he was experiencing swelling, pain, and infection in his mouth. (Second Am. Compl. 5, ECF No. 62.)  Santoyo classified Plaintiff's condition as "Priority 1C," a classification that required any oral surgery to be performed within sixty days of diagnosis.  (Id.) Additionally, Plaintiff asserts that he told Defendant he was experiencing extreme pain and discomfort, but the dentist refused to prescribe any pain medication.  (Id. at 5, 7).

Lopez submits that Dr. Santoyo told him that because Santoyo did not perform wisdom teeth extractions, Lopez must be transported to an outside medical service provider, and Dr. Torchia, D.D.S.,

would perform the surgery. (Id. at 6.)[2] But another inmate at the prison, Christopher Soto, told Lopez in late 2007 that Dr. Santoyo had extracted Soto's wisdom teeth. (See id. at 9-10.) Plaintiff complains that "defendant Santoyo maliciously told [him] that he did not perform tooth extractions." (Id. at 10.)

Lopez alleges that on November 2, 2006, Defendant Robertson, chief dental officer at Calipatria, approved the "urgent Priority 1C" surgery. (Id. at 6.) The Plaintiff maintains that prison regulations provide that the chief dental officer must review all documents relating to a prisoner's medical condition before approving oral surgery. (Id.) Lopez argues that in approving the wisdom teeth extraction, Robertson was made aware of Plaintiff's serious dental need. (Id. at 7.)

Lopez submitted an inmate grievance on January 1, 2007. Id. His grievance was partially granted at the informal level on February 20, 2007. (Id. Ex. E, at 27.) Plaintiff was informed that he was "on the oral surgery list to be seen by an outside provider." (Id.) Dissatisfied, Lopez appealed the 602 response to the formal level, stating that his surgery should be done "forthwith." (Id.)

On April 20, 2007, Plaintiff submitted another health care request seeking priority status over other prisoners' medical procedures in light of his severe pain. (Second Am. Compl. 7, ECF No. 62.) Santoyo responded to the appeal on April 23, 2007. (Id. Ex. E, at 27-28.) Plaintiff was advised that he was scheduled to see the oral surgeon on April 30, 2007. (Id. Ex. E, at 28.)

---

[2] Claims against Dr. Torchia were dismissed with prejudice on September 17, 2010. (Order Adopting Report & Recommendation 12, ECF No. 55.)

On that date, "after a 10 month delay without <u>any</u> pain medication," Plaintiff contends he was transported to the outside medical provider in San Diego, California, and received his surgery. (Second Am. Compl. 8, ECF No. 62.)  According to Lopez, Dr. Torchia chipped one of Plaintiff's teeth while performing the procedure and subsequently issued a physician's order directing Calipatria dentists to repair the tooth. (<u>Id.</u> (citing <u>id.</u> Ex. G, at 32).)  Lopez asserts Torchia only prescribed him a five-day supply of Motrin for the pain. (<u>Id.</u>)

On May 2, 2007, the Plaintiff submitted a health care request complaining of pain and swelling to his jaw and stating that the Motrin had no effect on his pain. (<u>Id.</u>)  Lopez maintains that he was put on a liquid diet but was not prescribed "any medication at all." (<u>Id.</u>)  Plaintiff claims that approximately one week after his surgery, he spoke with Dr. Santoyo, who stated he would repair Lopez's chipped tooth himself. (<u>Id.</u> at 9 (citing <u>id.</u> Ex. I, at 36).)  On May 15, 2007, Santoyo examined Lopez, who told Dr. Santoyo that he was in pain and needed his tooth repaired, yet Defendant did "absolutely nothing for the plaintiff." (<u>Id.</u> at 8-9.)

On May 31, 2007, Lopez submitted another health care request indicating that he needed his chipped tooth filled and his teeth cleaned. (<u>Id.</u> at 9.)  Plaintiff was seen by Dr. Santoyo on June 12, 2007; Lopez told him that he was in pain, could not eat, and needed his tooth repaired, but the Defendant "took no action." (<u>Id.</u>)  Santoyo ultimately repaired Lopez's chipped tooth on July 10, 2007. (<u>Id.</u>)

1   Plaintiff alleges Defendants' conduct constituted deliberate
2   indifference to his serious medical needs in violation of the
3   Eighth Amendment to the United States Constitution.  (Id. at 5, 10-
4   11.)  Lopez also complains that "the prison's medical care system
5   and policy Title 15 3354" are ineffective because he did not
6   receive his surgery within sixty days of being approved for
7   surgery, as required.  (Id. at 11.)

8                          **II.   DISCUSSION**

9        **A.   Additional Interrogatories**

10      Federal Rule of Civil Procedure 33(a)(1) provides:  "Unless
11  otherwise stipulated or ordered by the court, a party may serve on
12  any other party no more than 25 written interrogatories, including
13  all discrete subparts.  Leave to serve additional interrogatories
14  may be granted to the extent consistent with Rule 26(b)(2)."  Civil
15  Local Rule 33.1 requires a party seeking to serve additional
16  interrogatories to "submit to the court a written motion setting
17  forth the proposed additional interrogatories and the reasons
18  establishing good cause for their use."  S.D. Cal. Civ. R. 33.1(a).

19      On January 21, 2012, Lopez served his interrogatories on
20  Defendant Santoyo.  (Defs.' Mem. P. & A. Opp'n Pl.'s Mot. Leave
21  Serve Addt'l & Untimely Interrogs. 3, ECF No. 118.)  He served
22  interrogatories on Defendant Robertson on January 23, 2012.  (Id.)
23  Although Plaintiff was allowed twenty-five interrogatories, he
24  served only twenty-two interrogatories on each Defendant.
25  Plaintiff's deadline to serve interrogatories was May 7, 2012.
26  (Case Mgmt. Conference Order 2, ECF No. 104.)  Defendants served
27  their responses to Plaintiff's interrogatories on February 23,
28  2012.  Defs.' Mem. P. & A. Opp'n Pl.'s Mot. Leave Serve Addt'l &

Untimely Interrogs. 3, ECF No. 118.) Assuming that Plaintiff's twenty-two interrogatories did not include discrete subparts, Lopez was free to serve three additional interrogatories on each of the Defendants by May 7, 2012, without seeking leave of Court. Instead, Plaintiff submitted this Motion Requesting Permission to Submit Additional Interrogatory Questions [ECF No. 115], which was filed nunc pro tunc to May 1, 2012. In his Motion, Plaintiff does not explain why he served fewer interrogatories than allowed by the federal and local rules. Neither does he provide a reason for his delay in attempting to serve additional interrogatories. Furthermore, neither Lopez's Motion nor his Reply offer any information on how many proposed additional interrogatories he seeks to serve on Defendants, as required by the Civil Local Rule 33.1.

In his Motion Requesting Permission to Submit Additional Interrogatory Questions, Lopez argues that Defendants objected to all of the questions. (Pl.'s Mot. Requesting Permission Submit Addt'l Interrog. Questions 1, ECF No. 115). Lopez states that he is "not sure what he did wrong" and requests that the Court permit him to "correct" his interrogatories and resubmit them to Defendants. (Id.) In their Opposition, Defendants argue that Plaintiff has not established grounds for serving additional, untimely interrogatories because Defendants provided responses to the interrogatories Plaintiff served in January. (Defs.' Mem. P. & A. Opp'n Pl.'s Mot. Leave Serve Addt'l & Untimely Interrogs. 3, ECF No. 118.) Defendants attach their interrogatory responses, which indicate that Defendant Santoyo answered twenty-one of the twenty-

two interrogatories,[3] and Defendant Robertson answered all twenty-two.  (See id. Attach. #1, Decl. Kral, Exs. B, D.)  Defendants contend that Plaintiff's Motion violates Civil Local Rule 33.1(a) because Lopez failed to identify the deficiencies in Defendants' responses and set forth his proposed interrogatories.  (Defs.' Mem. P. & A. Opp'n Pl.'s Mot. Leave Serve Addt'l & Untimely Interrogs. 4, ECF No. 118.)  They also allege that Lopez has not established good cause for serving additional interrogatories and that he failed to meet and confer with Defendants prior to filing the Motion.  (Id.)

In his Reply, Lopez argues that he is unable to meet and confer with Defendants because he is incarcerated.  (Reply 2, ECF No. 124.)  He contends that it is "necessary and essential" that he propound additional interrogatories because he is otherwise unable to depose Defendants.  (Id.)  Finally, Lopez alleges that he has no access to the law library or to legal assistance; he lacks "knowledge in the law and court procedures[;]" and he has "difficulty understanding the discovery process."  (Id.)

"In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."  Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856–57 (8th Cir. 1996) (citing Jones v. Phipps, 39 F.3d

_____

[3] Defendant Santoyo objected and did not answer interrogatory number thirteen, which asked Santoyo to describe the circumstances where Defendant would "refuse to prescribe pain medication or take any action to relieve a patient's pain and suffering when [Defendant had] personal knowledge that the patient is in extreme pain and the patient requests pain medication."  (Defs.' Mem. P. & A. Opp'n Pl.'s Mot. Leave Serve Addt'l & Untimely Interrogs. Attach. #1, Decl. Kral, Ex. B, ECF No. 118.)  Defendant objected to this question as overbroad, argumentative, burdensome, oppressive, vague and ambiguous, and irrelevant.  (Id.)

8

158, 163 (7th Cir. 1994); <u>Anderson v. Home Ins. Co.</u>, 724 F.2d 82, 84 (8th Cir. 1983)).  Plaintiffs who represent themselves must abide by the rules of the court in which they litigate.  <u>Carter v. Comm'r</u>, 784 F.2d 1006, 1008-09 (9th Cir. 1986); <u>see also</u> <u>Bias v. Moynihan</u>, 508 F.3d 1212, 1223 (9th Cir. 2007) (discussing the pro se litigant's violation of local rules).  "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."  <u>Jourdan v. Jabe</u>, 951 F.2d 108, 109 (6th Cir. 1991); <u>Cone v. Rainbow Play Sys.</u>, No. CIV 06-4128, 2008 U.S. Dist. LEXIS 17489, at *4 (D.S.D. Mar. 5, 2008) (explaining that pro se litigants must follow procedural rules).

In this case, Lopez had sufficient time to send out additional interrogatories after he received Defendants' responses on February 23, 2012.  Even accepting Lopez's argument that he did not understand "what he did wrong regarding the interrogatory questions[,]" Plaintiff does not describe any action he took to correct his perceived mistakes after Defendants served their responses.  If Plaintiff needed more time to serve his interrogatories, he could have requested an extension of the May 7, 2012 deadline for propounding discovery.  (<u>See</u> Case Management Conference Order 2, ECF No. 104.)  Instead, Lopez chose to wait until April 22, 2012, to file the current motion.  "The decision whether to penalize a party for dilatory conduct during discovery proceedings is committed to the sound discretion of the trial court."  <u>Bollow v. Fed. Reserve Bank</u>, 650 F.2d 1093, 1102 (9th Cir.

1981) (citing Fed. R. Civ. P. 37(a)(4); <u>Marquis v. Chrysler Corp.</u>,
577 F.2d 624, 640 (9th Cir. 1978)).  "A scheduling order is not a
frivolous piece of paper, idly entered, which can be cavalierly
disregarded by counsel without peril."  <u>Johnson</u>, 975 F.2d at 610
(quotation omitted).  "The use of orders establishing a firm
discovery cutoff date is commonplace, and has impacts generally
helpful to the orderly progress of litigation, so that the
enforcement of such an order should come as a surprise to no one."
<u>Cornwell</u>, 439 F.3d at 1027.

Even if the Court excuses Lopez's failure to timely seek
permission to exceed the allowed number of interrogatories, he has
not established good cause for serving more than twenty-five
interrogatories.  Lopez has not provided the Court with his
proposed interrogatories.  <u>See</u> S.D. Civil Rule 33.1(a).  Plaintiff
argues that he should be allowed to propound additional
interrogatories because he is unable to depose defendants, and he
lacks knowledge of the law.  Yet, there is no indication that Lopez
is subjected to burdens beyond those ordinarily imposed on
incarcerated pro se litigants.  Further, as discussed above, there
is no evidence that Lopez was diligently working to meet his May 7
discovery deadline.

Despite his pro se status, Lopez is not entitled to any
latitude for the untimeliness.  <u>See</u> <u>Ackra Direct Mktg. Corp.</u>, 86
F.3d at 856-57 (stating that pro se representation does not excuse
a litigant from complying with court orders); <u>Jourdan</u>, 951 F.2d at
109 (explaining that although courts should liberally construe pro
se plaintiffs' legal arguments, courts should strictly construe
their compliance with procedural requirements); <u>see also</u> <u>Carter</u>,

784 F.2d at 1008-09 (noting that pro se plaintiffs must follow the rules of the court).  Accordingly, Plaintiff's Motion Requesting Permission to Submit Additional Interrogatory Questions is **DENIED**.

**B.   MOTION TO COMPEL**

Federal Rule of Civil Procedure 34 governs production of documents and provides, in pertinent part:

> A party may serve on any other party a request within the scope of Rule 26(b):
> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
> (A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form . . . .

Fed. R. Civ. P. 34(a)(1)(A).  Federal Rule of Civil Procedure 37(a)(1) allows a party to move for an order compelling disclosure or discovery.  The rule provides that such a motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).

Lopez moves the Court for an order pursuant to Rule 37(a) compelling Defendants Santoyo and Robertson to produce the following documents:  (1) "Request for Dental Treatment Log (RDTL) CDCR 7433" for July 1, 2006, through July 30, 2007; (2) "Daily Dental Treatment/Appointment Log (DDTAL) CDCR 7434" for July 1, 2006, through July 30, 2007; (3) "CDCR Dental Pharmaceutical Record Log" for July 1, 2006, through July 30, 2007; and (4) "Written Minutes recorded by the OT of all Committee (D.A.R., M.A.R.,

H.C.R.C.) Meetings" from November 1, 2006, through March 1, 2007.
(Pl.'s Mot. Order Compelling Disc. 1-2, ECF No. 120.)   Plaintiff
contends that he submitted a written request for these documents on
February 1, 2012, and allowed Defendants six additional weeks to
produce them.  (Id. at 2.)  Lopez alleges that on April 21, 2012,
he sent a letter to Defendants' counsel informing him that
Plaintiff had not received the documents.  (Id.; id. Ex. A.)   He
received no response.  Subsequently, Lopez sent another letter to
Defendants regarding the requested documents.  (Id. Ex. B.)   He did
not receive a response to his second letter.  (Pl.'s Mot. Order
Compelling Disc. 3, ECF No. 120.)   Lopez contends that he has in
good faith attempted to confer with Defendants prior to filing this
Motion.  (Id.)

       In their Opposition to Plaintiff's Motion, Defendants contend
that the requested documents were not specifically mentioned in
Lopez's original request for production served on Defendants on
January 30, 2012.  (Defs' Opp'n Pl.'s Mot. Compel 5, ECF No. 126.)
Defendants argue that although they produced over 430 pages of
documents in response to Lopez's original request, Plaintiff
subsequently sought four additional documents.  (Id.)  Defendants
argue that because Lopez's initial request was vague and overbroad,
any further production would be unduly burdensome.  (Id. at 2.)
Defendants also oppose the Motion on the following grounds:  (1)
The requested documents are no longer maintained by the CDCR; (2)
production would violate the Health Information Portability and
Accountability Act; (3) requested documents are not relevant to
Lopez's case; and (4) the request for production violates

California Evidence Code section 1157 and the federal privilege of critical self-analysis. (Id.)

### 1.  Availability of Documents

Defendants argue that the Court should deny the motion to compel production of documents requested by Lopez because the requested items no longer exist.  Defendants allege that their investigation revealed that documents responsive to requests numbers 1 through 4 were purged by CDCR prior to 2010.  (Id. at 6.) Defendants submitted a declaration from Christina Castro, a CDCR office technician responsible for scheduling inmate-patients dental treatment.  (Id. Ex. H, Decl. Castro.)  Ms. Castro states that in August 2010, the CDCR implemented new procedures for maintenance of inmate dental records that required most records to be kept for only three years.  (Id. at 1.)  Castro alleges that the written minutes, the request for dental treatment log, the dental treatment/appointment log, and the pharmaceutical record log requested by Lopez are no longer available because they had been purged pursuant to the new policy.  (Id. at 2.)  Castro also states that the relevant information about Plaintiff's treatment is available in Lopez's medical records.  (Id.)

In his Reply, Plaintiff challenges Ms. Castro's declaration and argues that the records he seeks may still exist.  (Pl.'s [Reply] to Defs.' Opp'n 6, ECF No. 130.)  Lopez points out that Defendants failed to produce the updated 2010 manual which allegedly shortens the time for record keeping to three years. (Id.)  Instead, they turned over copies of the 2006 and 2007 CDCR Dental Policies and Procedures Manual, both of which mandate that certain dental records be kept for a period of five years.  (Id.

1  Exs. D, E.)  Lopez argues that this indicates bad faith on

2  Defendants' part.  (Pl.'s [Reply] to Defs.' Opp'n 6, ECF No. 130.)

3  Additionally, Lopez contends that the information sought is not

4  contained in his medical file.  (Id. at 10-11.)

5       "'Document retention policies,' which are created in part to

6  keep certain information from getting into the hands of others,

7  . . . are common in business," and are lawful "under ordinary

8  circumstances."  Arthur Andersen LLP v. United States, 544 U.S.

9  696, 704 (2005).  Litigants, however, are under a duty to preserve

10 "what [they know], or should know, is relevant in the action, is

11 reasonably calculated to lead to the discovery of admissible

12 evidence, is reasonably likely to be requested during discovery

13 and/or is the subject of a pending discovery request."  Zubulake v.

14 UBS Warburg LLC, 220 F.R.D. 212, 217 (S.D.N.Y. 2003).  The duty

15 extends to "any documents or tangible things . . . made by

16 individuals 'likely to have discoverable information that the

17 disclosing party may use to support its claims or defenses.'"  Id.

18 at 217–18 (quoting Fed. R. Civ. P. 26(a)(1)(A)).

19      The duty to preserve begins when a party reasonably should

20 have known that the evidence is relevant to anticipated litigation.

21 See In re Napster, Inc. Copyright Litig., 462 F. Supp. 2d 1060,

22 1067 (N.D. Cal. 2006).  As soon as a potential claim is identified,

23 a litigant is under a duty to preserve evidence which it knows or

24 reasonably should know is relevant to the action, is reasonably

25 calculated to lead to the discovery of admissible evidence, is

26 reasonably likely to be requested during discovery, or is the

27 subject of a pending discovery request.  Id.; Wm. T. Thompson Co.

28 v. Gen. Nutrition Corp., 593 F. Supp. 1443, 1445 (C.D. Cal. 1984).

Spoliation of evidence is defined as "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." United States v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir. 2002). A party's destruction of evidence is considered "willful" if the party "has some notice that the [evidence was] potentially relevant to the litigation before [it was] destroyed." Leon v. IDX Sys. Corp., 464 F.3d 951, 959 (9th Cir. 2006) (internal citation omitted). "Once the duty to preserve attaches, a party must 'suspend any existing policies related to deleting or destroying files and preserve all relevant documents related to the litigation.'" Brooks v. Felker, No. 2:08-cv-2512 KJM KJN P, 2011 U.S. Dist. LEXIS 61825, at *1-2 (E.D. Cal. June 9, 2011) (citation omitted).

Plaintiff initiated this litigation in 2009, and Defendants were on notice of Lopez's claims as early as October of 2009. (See Defs.' Ex Parte Appl. Extension Time File Initial Responsive Pleading, ECF No. 13 (filed Oct. 30, 2009).) Defendants allege that the new policy and procedures for inmate dental services were implemented in August of 2010; subsequently, the records Lopez seeks were "purged pursuant to the policy." (Defs' Opp'n Pl.'s Mot. Compel Attach. #2, Ex. H, Decl. Castro 1-2, ECF No. 126.)

The 2010 change in the record keeping policy does not excuse Defendants' failure to retain records relevant to this case. As noted above, parties are under an obligation to preserve all documents and evidence that may be relevant to pending litigation. Defendants had a duty not to purge records even after implementing the 2010 policy. Because they were on notice of Lopez's claims as

early as 2009, whether evidence was intentionally destroyed, the
likely contents of that evidence, and the appropriate trial
sanction are questions for another day.   See Fujitsu Ltd. v.
Federal Exp. Corp., 247 F.3d 423, 436 (2d Cir. 2001).

    **2.   Relevance of the Requested Documents**

    Defendants Santoyo and Robertson argue that the Court should
deny Lopez's request because the documents he seeks do not contain
any information relevant to any claim or defense in this case.
(Defs.' Opp'n Pl.'s Mot. Compel Attach. #1 Mem. P. & A. 11, ECF No.
126.)  They state that the information sought by Plaintiff, such as
when Lopez requested dental treatment, when his appointments were
made, what medicine he may have received, and what recommendations
were made by dental staff, is available to Plaintiff by examining
his own medical records.  (Id.)

    Lopez replies that the information he seeks is relevant to
proving his claim for deliberate indifference to his medical needs
because it would demonstrate when Defendants learned about
Plaintiff's condition, what medication was prescribed, and when his
surgery was approved.  (Pl.'s [Reply] to Defs.' Opp'n 8, ECF No.
130.)  Further, Plaintiff contends the information he seeks is not
available in his medical file.  (Id. at 10-11.)

    With respect to document request number one, Plaintiff
explains that he needs the CDCR Form 7433, Request for Dental
Treatment Log, to show when Defendants received his CDCR Form 7362,
Health Care Services Request Form.  (Id. at 8.)  Although Lopez
alleges that he submitted a request on July 26, 2006, Defendant
Santoyo claims in his response to an interrogatory that the request
did not reach him until November 1, 2006.  (Id.)  Plaintiff argues

16                                 09cv00108 W (RBB)

that the log will show when his request was received, and is therefore essential to show that Defendant Santoyo was aware of Plaintiff's condition earlier than November 1, 2006.  (Id.)

As to the document request number two, the CDCR Form 7434, Daily Dental Treatment/Appointment Log, Lopez argues that the document will show when his request reached Defendant Santoyo, and when Santoyo scheduled Lopez's dental appointment.  (Id. at 8-9.) He contends that obtaining the appointment log is necessary, because Plaintiff disputes that Santoyo scheduled Lopez's appointment according to the priority designation.  (Id. at 9.) The information in the logs relates to the parties' dispute regarding when Defendant Santoyo became aware of Lopez's request for dental care.  Because when Santoyo learned about Lopez's need is at issue with regard to the deliberate indifference claim, the information in the logs is relevant.

Lopez also seeks production of the CDCR dental pharmaceutical log that lists medications prescribed and given to Plaintiff along with the dates and Defendants' signatures.  The information in this log is relevant because Lopez claims he was denied pain medication and disputes what medication he actually received.  (Id. at 9.)

Finally, Lopez seeks the written minutes recorded by OT of all Committee (DAR, MAR, HCRC) Meetings from November 1, 2006, to March 1, 2007.  Plaintiff argues during the monthly meetings, committee members approve all inmate surgeries and discuss any unresolved issues, such as delays in approved treatment.  (Id. at 10.) Plaintiff alleges these records will show that Defendant Robertson, as a committee member, participated in approving Lopez's surgery on November 1, 2006.  Defendants claim that Robertson was not aware of

17

any grievances regarding Plaintiff's wisdom teeth until April 23, 2007. (See Defs.' Mot. Summ. J. &/or Summ. Adjudication Attach. #1, Mem. P. & A. 9, ECF No. 131.) Lopez argues that the delay in his surgery was discussed in subsequent committee meetings, and therefore the records will prove that Robertson was put on notice of the delay prior to April of 2007. (Pl.'s [Reply] to Defs.' Opp'n 10, ECF No. 130.) The information in the minutes is relevant to Lopez's claim of deliberate indifference to his serious medical needs against Defendants.

### 3.   Privileges

Defendants argue that the Court should deny Plaintiff's Motion to Compel production of the written minutes from prison medical and dental committee meetings because the records are protected by California law. (Defs.' Opp'n Pl.'s Mot. Compel Attach. #1 Mem. P. & A. 9, ECF No. 126.) Specifically, Santoyo and Robertson assert that the peer review privilege found in California Evidence Code section 1157 applies. (Id.) Lopez replies that Defendants may not assert a state law privilege in this federal lawsuit and that, in any event, section 1157 contains an exception for statements made by parties to an action. (Pl.'s [Reply] to Defs.' Opp'n 11-12, ECF No. 130.)

In civil rights cases brought under federal statutes, questions of privilege are resolved by federal law. Kerr v. United States District Court, 511 F.2d 192, 197 (9th Cir. 1975). "State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." Kelly v. City of San Jose, 114 F.R.D. 653, 655-56 (N.D. Cal. 1987). Plaintiff brought this case under a federal statute,

1   42 U.S.C. § 1983, and it is well settled that "questions of

2   evidentiary privilege arising in the course of the adjudication of

3   federal rights are governed by the principles of federal common

4   law." Miller v. Pancucci, 141 F.R.D. 292, 297 (C.D. Cal. 1992)

5   (citing United States v. Zolin, 491 U.S. 554 (1989)); see also Fed.

6   R. Evid. 501.

7        Defendants also argue that the written minutes should not be

8   produced because the federal privilege of critical self-analysis

9   prevents the disclosure of self-evaluative material where the

10  public need for confidentiality outweighs the need for discovery.

11  (Defs.' Opp'n Pl.'s Mot. Compel Attach. #1 Mem. P. & A. 9-10, ECF

12  No. 126.)

13       The "self-critical" analysis privilege invoked by defendants

14  has not been recognized by the Ninth Circuit. Union Pac. R.R. Co.

15  v. Mower, 219 F.3d 1069, 1076 n.7 (9th Cir. 2000); Dowling v. Am.

16  Hawaii Cruises, Inc., 971 F.2d 423, 426 (9th Cir. 1992).  In

17  addition, it does not appear that California has recognized that

18  privilege.  Cloud v. Superior Court, 50 Cal. App. 4th 1552, 1559,

19  58 Cal. Rptr. 2d 365, 369 (1996) (naming thirteen privileges

20  recognized in the California Evidence Code, the self-critical

21  analysis privilege not among them).  Kenney v. Superior Court, 255

22  Cal. App.2d 106, 63 Cal. Rptr. 84 (1967), is cited by Defendants

23  for the proposition that a critical self-analysis privilege is

24  similar to the privilege created by Evidence Code section 1157 for

25  health care professional review committees.  There is no similar

26  provision that would apply to Defendants' records.  Furthermore,

27  Kenney was decided on the basis of attorney work product, not

28  critical self-analysis.  Id. at 112.

The self-critical analysis privilege would be inapplicable to this case because the four elements of the "self-critical" analysis privilege are not met.  First, the information must result from a critical self-analysis undertaken by the party seeking protection.  Dowling, 971 F.2d at 426.  Second, the public must have a strong interest in preserving the free flow of the type of information sought.  Id.  Third, the information must be of the type whose flow would be curtailed if discovery were allowed.  Id.  Finally, in order for the privilege to apply, the document must be prepared with the expectation that it would be kept confidential, and has in fact been kept confidential.  Id.

Defendants also cite In re Air Crash Near Cali, Colombia on Dec. 20, 1995, 959 F. Supp. 1529, 1533 (S.D. Fla. 1997), and suggest that a critical analysis privilege is "often asserted when disclosure would have a chilling effect." (Defs.' Opp'n Pl.'s Mot. Compel Attach. #1 Mem. P. & A. 10, ECF No. 126.)  The case, however, does not support Defendants' position.  There, the court stated, "[W]e decline to recognize any self-critical analysis privilege under the facts and circumstances of this case."  Id.

For these reasons, the Court will not apply the self-critical analysis privilege to the written committee minutes requested by Lopez.  Accordingly, Defendants may not withhold the requested information on this basis.

**4.  Defendants' Other Objections**

Defendants argue that the Court should deny Lopez's Motion to Compel because his requests in the April 21, 2012 letter are vague and overbroad. (Defs.' Opp'n Pl.'s Mot. Compel Attach. #1 Mem. P. & A. 5-6, ECF No. 126.)  Plaintiff replies that Defendants'

response to his letter, dated May 16, 2012, does not raise these objections. (Pl.'s [Reply] to Defs.' Opp'n 7, ECF No. 130.)

Plaintiff's April 21, 2012 letter does not contain a time period for three out of four requests. (See Mot. Order Compelling Disc. Ex. A, ECF No. 120.) The fourth item identified in the letter, minutes of specified committees, is for the period from November 1, 2006, through March 1, 2007. (Id.) In his Motion, however, Lopez specifies that he is seeking the logs for the time period beginning on July 1, 2006, and ending on July 30, 2007. (Mot. Order Compelling Disc. 1-2, ECF No. 120.)

Defendants Santoyo and Robertson also oppose Plaintiff's Motion to Compel on the ground that Lopez's requests violate laws regulating the privacy of medical records. (Defs.' Opp'n Pl.'s Mot. Compel Attach. #1 Mem. P. & A. 7, ECF No. 126.) They allege that because Lopez seeks logs which contain dental and medical records of other inmates, disclosure of their confidential medical information violates the Health Information Portability And Accountability Act, 42 U.S.C. § 1320d et. seq. ("HIPAA"). (Id. at 10.)

Defendants do not dispute Plaintiff's right to access his own medical records. Lopez contends he is only seeking information regarding his treatment and medication during the complaint period. (Pl.'s [Reply] to Defs.' Opp'n 11, ECF No. 130.) Plaintiff also points out that the Court may order the documents to be redacted to the extent they refer to individuals other than Plaintiff. (Id. at 8.) Accordingly, the Court will grant Plaintiff's request with regard to the entries in the logs that refer to Lopez only.

III. <u>CONCLUSION</u>

For the reasons discussed above, Lopez has not established good cause for permitting him to file additional and untimely interrogatories. Consequently, Lopez's Motion Requesting Permission to Submit Additional Interrogatory Questions is **DENIED**. Plaintiff's Motion for an Order Compelling Discovery is **GRANTED**. Defendants may redact identifying information of other inmates, such as inmate name or number, from the documents. Defendants are ordered to comply with the Court's Order by **November 26, 2012.**

**IT IS SO ORDERED.**

DATE: November 6, 2012

Ruben B. Brooks, Magistrate Judge
United States District Court

cc:
Judge Whelan
All Parties of Record