UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM RAY LOPEZ,<br><br>             Plaintiff,<br><br>   vs.<br><br>P. SANTOYO, D.D.S., et al.,<br><br>             Defendants. | CASE NO. 09-CV-0108 W (RBB)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION [DOC. 176] AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOC. 131]** |

On January 16, 2009, Plaintiff Adam Ray Lopez, a state prisoner proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 [Doc. 1]. On July 15, 2009, he filed a First Amended Complaint [Doc. 7]. On December 13, 2010, he filed a Second Amended Complaint [Doc.62]. Lopez contends that Defendants Santoyo and Robinson violated his Eighth Amendment right to be free from cruel and unusual punishment by acting with deliberate indifference to Plaintiff's serious medical needs. (*Second Am. Compl.* 5 [Doc. 62].)

On August 6, 2012, Defendants filed a Motion for Summary Judgment [Doc. 131]. On November 19, 2012 Plaintiff filed his Opposition [Doc. 163]. On December 6, 2012, Defendants filed their Reply [Doc. 166].

On January 15, 2013, United States Magistrate Judge Ruben B. Brooks issued a Report and Recommendation (the "Report") recommending that the Motion for Summary Judgment be granted in part and denied in part [Doc. 176]. The Report also ordered the parties to file written objections by February 8, 2013, and any reply to the objections by February 22, 2013. On February 1, 2013, Defendants filed an Objection to the Report's recommendation to deny summary judgment on various grounds [Doc. 183]. On February 22, 2013, in lieu of a Reply, Plaintiff filed a Motion for Extension of Time to File Reply [Doc. 186].

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the Court "must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).

Defendants main objection to the Report is that the Magistrate Judge erred by considering facts in Plaintiff's unverified Second Amended Complaint and Opposition. *(Defs.' Obj.* 1, 2, 3, 4, 5 [Doc. 183]). The Court is unpersuaded by this argument.

Defendants never objected to Plaintiff's reliance on facts in the Second Amended Complaint or Opposition in order to oppose the instant motion. Instead, Defendants' Reply to the instant motion routinely referenced and analyzed Plaintiff's facts in the Second Amended Complaint and Opposition without objection, leading the Magistrate Judge to correctly conclude that Defendants were treating those facts as competent evidence. (*Reply* 1, 2, 3, 4, 5, 6, 7, 8, 9 [Doc. 166].) Therefore, Defendants cannot now argue that the Magistrate Judge improperly considered these very same claims. Accordingly, the Court finds that Defendants waived this argument by omitting it from their Reply.

Defendants also disagree with the Report's conclusion that a triable issue of fact exists regarding whether Defendant Santoyo was deliberately indifferent to Plaintiff's serious medical needs by failing to prescribe pain relief medication to Plaintiff. (*Defs'*

*Obj.* 1.) While Defendants have produced evidence that the Peridex mouthwash prescribed to Plaintiff was appropriate for treating swelling and infection, they have produced no evidence that it was appropriate for treating the pain associated with impacted wisdom teeth. Thus, the Magistrate Judge was correct in concluding that a disputed issue of fact remains "as to whether Peridex could help Plaintiff with pain caused by the impacted wisdom teeth." (*Report* 14.)

In addition, Defendants object to the Report's conclusion that a triable issue of fact exists as to whether Defendants failed to treat Plaintiff's chipped molar in a timely fashion. (*Defs' Obj.* 4.) Although Defendants claim that the delay in treating Plaintiff's chipped molar were timely and unavoidable, Plaintiff claims that Defendant Santoyo told him he could have repaired the tooth immediately if he had time to do so. (*Defs.' Mot. Summ. J.* Attach. #1, 19-20; *Opp'n* 10.) Thus, the Magistrate Judge was correct in concluding that a triable issue of fact remains whether the two-month delay in treatment constituted deliberate indifference. (*Report* 21.)

Having conducted a *de novo* review of the Report, the Court concludes that Judge Brooks issued an accurate Report and well-reasoned recommendation that the instant Motion be granted in part and denied in part. Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The Report [Doc. 176] is **ADOPTED** in its entirety.
2. Defendant Santoyo's Motion for Summary Judgment is **GRANTED** on the claim that he was deliberately indifferent to Plaintiff's dental needs in failing to perform Lopez's dental surgery himself. Defendant Santoyo's Motion in all other respects is **DENIED**.
3. Defendant Robertson's Motion for Summary Judgment is **GRANTED** on the claims that he was deliberately indifferent to Lopez's dental condition in failing to perform the dental surgery himself and failing to order Santoyo to perform the dental surgery. Defendant Robertson's Motion in all other respects is **DENIED**.

4. Plaintiff's Motion for Extension of Time to File Reply [Doc. 186] is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 11, 2013

_____
Hon. Thomas J. Whelan
United States District Judge